**ALLEN ORGAN COMPANY**

v.

**KAWAI MUSICAL INSTRUMENTS MANUFACTURING CO., LTD. a/k/a Kabushiki Kaisha Kawai Gakki Seisakusho.**

Civ. A. No. 83–276.

United States District Court, E.D. Pennsylvania.

July 18, 1984.

Sanford J. Piltch, Macungie, Pa., Joel S. Goldhammer, Philadelphia, Pa., for plaintiff.

Thomas M. Ferrill, Jr., Fort Washington, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Contending that the plaintiff's patent infringement action is improperly before this Court because we lack *in personam* jurisdiction and because service of process was ineffective, defendant Kawai Musical Instruments Manufacturing Company, Ltd., a/k/a Kabushiki Kaisha Kawai Gakki Seisakusho (hereinafter Kawai Japan) has renewed its motion to dismiss.[1]

■ Generally, for purposes of a motion to dismiss, we must accept as true, all well-pleaded factual allegations. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *D.W. Realty, Inc. v. Harford Mutual Insurance Company*, 575 F.Supp. 654, 655 (E.D.Pa.1983). However, where, as here, a party raises a question as to the Court's jurisdiction, "the Court need not assume the plaintiff's allegations to be true". *Amoco Oil v. Local 99 International Brotherhood of Electrical Workers*, 536 F.Supp. 1203, 1209–10 n. 8 (D.R.I.1982). Instead, "the Court may inquire, by affidavits or otherwise, into the [jurisdictional] facts as they exist". *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947).

In connection with its original motion to dismiss, Kawai Japan submitted affidavits of various of its corporate officers supporting its contention that it lacks the contacts with Pennsylvania necessary to this Court's exercise of personal jurisdiction. We denied the motion without prejudice to give the plaintiff the opportunity to explore the factual basis for the affidavits and to otherwise conduct discovery relevant to the jurisdictional issue. Upon completion of discovery, the defendant filed the instant motion renewing its motion to dismiss. The relevant facts are not disputed.

Defendant, Kawai Japan, is a Japanese corporation with its principal place of business in Hamamatsu, Japan. Kawai America Corp., (hereinafter Kawai America) its

---

**1.** By order dated June 29, 1983, the defendant's original motion to dismiss was denied without prejudice.

wholly owned subsidiary, is a California corporation with its principal place of business in California. Plaintiff, Allen Organ Company, is a Pennsylvania corporation with its principal place of business in Macungie, Pennsylvania. Kawai Japan has no office, agent, telephone listing, bank account, plant, real property or personal property in Pennsylvania.

Goods manufactured by Kawai Japan are imported into the United States for distribution by Kawai America. Transactions are structured so that Kawai America purchases and takes title to the goods in Japan. Kawai Japan is the exclusive source of goods for distribution by Kawai America in this country. The total sales volume of these goods in the United States since the formation of Kawai America's predecessor in 1963 is approximately $225,000,000.00. More than $84,000,000.00 of this figure represents the sale of musical instruments since June 1980. Sales in Pennsylvania alone have totaled over $2,200,000.00 since the latter date. Of this figure, $117,253.00 comprises the sale of electronic organs. Records of sales according to individual states were not kept prior to June 1980.

Kawai America services and sells Kawai Japan's products and provides the only guarantee to the customers in the United States. However, since Kawai America neither designs nor engineers any of the products it distributes in the United States, Kawai Japan provides it with service manuals on its products and conducts service training programs. Moreover, Kawai America purchases advertising materials from Kawai Japan which the latter prepares specially for use in English-speaking countries.

Kawai Japan owns approximately 122 United States patents. Many of these patents list as the inventor Mr. Ralph Deutsch of Deutsch Research Laboratories, Ltd. (DRL). Kawai Japan is also a licensee under an agreement between it and DRL pertaining to the use of inventions owned by DRL. The license agreement provides, *inter alia,* that DRL shall assume the defense, if requested by Kawai Japan, of third-party claims of patent infringement resulting from use of Deutsch inventions by Kawai Japan. In addition, Kawai Japan is a party to an exclusive employment agreement with DRL for the development of sound reproduction systems to be incorporated in electronic musical instruments for Kawai Japan. This agreement contemplates the securing of patent rights and the assignment of said rights by the inventor, Deutsch or DRL, to Kawai Japan. It also includes an obligation to defend similar to that contained in the license agreement. Among the patents in issue in this case which Allen Organ owns and which it alleges are being infringed by Kawai Japan are two which list Ralph Deutsch as the inventor.

Kawai America uses the trademark "Kawai" exclusively on all goods manufactured by Kawai Japan which it distributes in this country. The "Kawai" trademark is registered in the United States and owned by Kawai Japan. Kawai America's use of the "Kawai" mark is not controlled by any formal licensing agreement between it and Kawai Japan.

Finally, at least five officers or directors of Kawai Japan also hold or have held office with Kawai America.

Our exercise of personal jurisdiction over the defendant is governed by the demands of the Due Process Clause. Due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *International Shoe Company v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In that regard, the Court must weigh the "quality and nature" of the defendant's contacts with the forum against "the fair and orderly administration of the laws". *Id.* at 319, 66 S.Ct. at 159.

Kawai Japan contends that this Court has no personal jurisdiction over it since it has no direct contacts with the Commonwealth of Pennsylvania. Moreover, it argues that the Court cannot impute to it any indirect contacts with this forum based

upon the activities of Kawai America because the latter is not and cannot be shown to be its alter ego. The defendant places primary reliance on the case of *Cannon Manufacturing Company v. Cudahy Packing Company*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925).

In *Cannon*, a North Carolina corporation attempted to sue a Maine corporation in North Carolina for breach of contract. It initiated the action by serving process on a wholly owned subsidiary of the defendant which had an office in North Carolina. The defendant moved for a dismissal of the action for want of personal jurisdiction. It contended that it conducted no business within the State of North Carolina and that it had not been served with process. The court framed the issue as whether the "defendant was doing business within the state in such a manner as to warrant *the inference that it was present there".* *Cannon Manufacturing Co. v. Cudahy Packing Company*, 267 U.S. at 334–35, 45 S.Ct. at 251. (emphasis added). It was held that where the corporate separation between parent and subsidiary is carefully maintained, the parent cannot be subjected to the jurisdiction of the court based upon the subsidiary's activity in the forum. *Id.* at 336–37, 45 S.Ct. at 251. As long as the separation is not pure fiction, it will be recognized for jurisdictional purposes. *Id.* The court found that service of process on the subsidiary was not sufficient to give it jurisdiction over the parent. Therefore, it affirmed the district court's conclusion that the defendant *was not present* in North Carolina.

The *Cannon* opinion was written some twenty years prior to the *International Shoe* opinion at a time when extraterritorial service of process "was statutorily unauthorized and constitutionally restricted by the old territorial due process notion that a state might exercise jurisdiction only over those persons *present in the forum".* *Brunswick Corporation v. Suzuki Motor Company*, 575 F.Supp. 1412, 1418 (E.D. Wis.1983). Consequently, the plaintiff in *Cannon* could not obtain service over the defendant, a foreign corporation, unless it could establish that the defendant's subsidiary was really its alter ego. Only then would the court recognize the defendant's "presence", albeit a fictional one, within the forum for purposes of personal jurisdiction.

*International Shoe* rejected the "presence" doctrine and substituted the due process standard of personal jurisdiction previously discussed. See discussion, *supra,* p. 109. The result of the change in standard is to render irrelevant to our determination of personal jurisdiction any consideration of the alter ego principles of corporate law discussed in *Cannon.* Under *International Shoe,* a corporate defendant's indirect contacts with the forum state through the activity of a third party may be sufficient, in appropriate circumstances, to require it to defend in the forum, whether or not the third party is related to the defendant, let alone whether it is its alter ego.

■ Turning to Kawai Japan's challenge to the effectiveness of service which was raised in its original motion to dismiss, the record shows that the defendant was served by certified·mail with a return receipt in accordance with the Federal Rules of Civil Procedure and the Pennsylvania service statute. FED.R.CIV.P. 4(i); 42 PA. CONS. STAT. ANN. § 5323(a)(3) (Purdon). Therefore, plaintiff's mode of service is in compliance with the applicable rules and, to that extent, the defendant's motion is without merit.[2]

The issue which remains is whether plaintiff's extraterritorial service of pro-

2. In its original motion to dismiss, the defendant vigorously challenged the effectiveness of plaintiff's service of process arguing that service on its subsidiary, Kawai America, was insufficient to obtain jurisdiction over it. Plaintiff's response to the motion, while admitting that service was made on Kawai America, indicated

that service also was made directly on the defendant in Hamamatsu, Japan, by certified mail. A copy of the return receipt was attached to the response. The defendant apparently concedes this issue, there being no argument thereon in its renewed motion to dismiss.

cess is sufficient, under the facts of the matter at bar, to permit our exercise of personal jurisdiction over the defendant. Our analysis must take into consideration both the requirements of constitutional due process as well as those of Pennsylvania's long-arm statute. For jurisdictional purposes, the Pennsylvania legislature has chosen to make the reach of its long-arm statute co-extensive with that which is permitted by the United States Constitution.[3]

Among the activities which trigger application of the Pennsylvania long-arm statute are "[t]he shipping of merchandise directly or indirectly into or through this Commonwealth" and the "[c]ausing [of] harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth". 42 PA. CONS. STAT. ANN. §§ 5322(a)(1)(iii) and (a)(4) (Purdon). Since the alleged patent infringing activities of Kawai Japan fall within the broad language quoted above, our analysis cannot end here. We must further determine whether due process permits our exercise of personal jurisdiction over the defendant.

Under the stream-of-commerce doctrine, courts have sustained jurisdiction over nonresident manufacturers whose products pass through a protracted chain of distribution prior to reaching the ultimate consumer in the forum state. The Third Circuit described the doctrine as permitting

a manufacturer [to] be held amenable to process in a forum in which its products are sold, even if the products were sold indirectly through importers or distributors with independent sales and marketing schemes. Courts have found the assumption of jurisdiction in these cases to be consistent with the due process requirements identified above: by increasing the distribution of its products through indirect sales within the forum, a manufacturer benefits legally from the protection provided by the laws of the forum state for its products, as well as economically from indirect sales to forum

residents. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 285 (3d Cir. 1981).

The Supreme Court has likewise held that a "forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce *with the expectation that they will be purchased by* consumers in the forum state". *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 297–98, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). (emphasis added). In so holding, the Court included a foreseeability element in its test. However, it described the foreseeability "critical to [the] due process analysis [as being more than] the mere likelihood that a product will find its way into the forum State". *Id.* at 297, 100 S.Ct. at 567.

It further distinguished local or regionalized dealers from manufacturers or major distributors. As discussed in *Rockwell International Corporation v. Construzioni Aeronautiche*, 553 F.Supp. 328, 332 (E.D. Pa.1982),

[e]xcept for a rare sale, the local dealer generally confines the market he serves to a limited area. However, the marketing territory and the sale of a product by a manufacturer or distributor is not intended to be so confined. The sale of its product to a distant state is not simply an isolated occurrence, but instead arises from the corporation's affirmative efforts to serve, *directly or indirectly*, the largest possible market for its product. (citations omitted) (emphasis in original).

■ Kawai Japan's manufacturing and distributing activities are virtually identical to those discussed in the caselaw above which justify the application of the stream-of-commerce doctrine. At least as early as 1963, the defendant began cultivating the United States market for its goods following the formation of the predecessor corporation to Kawai America. Recently, its

---

**3.** Under PA.CONS.STAT.ANN. § 5322(b), the personal jurisdiction of all courts within the Commonwealth over non-resident corporate de-

fendants "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States".

efforts to broaden its United States market have intensified. Since June of 1980, the total sales of its goods in the United States has exceeded $84,000,000.00, or more than one-third of all Kawai Japan goods sold in the United States since 1963. Over $2,200,-000.00 of that amount represents goods sold in Pennsylvania alone since June, 1980. Among the goods which have been distributed to Pennsylvania since that date are the defendant's electronic organs. They have accounted for $117,253.00 in sales.[4]

The distribution of the defendant's products to dealers in Pennsylvania and the ultimate sale of its products to Pennsylvania consumers is no mere fortuity. As evidenced by the defendant's records of sales of its products according to individual states, it is clear that it not only knows the ultimate destination of its goods, it also knows the approximate amount of sales it can anticipate from each marketing territory. Therefore, the fact that its goods are marketed and distributed in Pennsylvania by Kawai America will not permit it to evade the jurisdiction of this Court. As the *DeJames* court recognized,

> [u]nderlying the assumption of jurisdiction in these cases is the belief that the fairness requirements of due process do not extend so far as to permit a manufacturer to insulate itself from the reach of the forum state's long-arm rule by using an intermediary or by professing ignorance of the ultimate destination of its products. *DeJames, supra,* 654 F.2d 280, 285 (3d Cir.1981) (citation omitted).

Moreover, any unfairness the defendant might suffer in having to defend a lawsuit in this forum is further undercut by the provisions of its license agreement and exclusive employment agreement with Deutsch Research Laboratories, Ltd. Both agreements contain clauses obligating Deutsch to defend Kawai Japan if it is sued by a third party for patent infringement

resulting from the use of Deutsch inventions. As such Kawai Japan has considered the possibility that it may be sued for patent infringement in territories where its products are sold. Consequently, it is hard put to argue that it did not reasonably anticipate being forced to defend lawsuits in forums like Pennsylvania. Consistent therewith, the Supreme Court has described due process as requiring "that the defendant's conduct and connection with the forum State [be] such that [it] should reasonably anticipate being haled into court there". *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Perhaps coincidentally, patents on two Deutsch inventions owned by the defendant are among those alleged to have been infringed in this case.

The defendant also challenges the applicability of the stream-of-commerce doctrine to patent infringement cases. It contends that the doctrine's application is limited to product liability cases. Although the stream-of-commerce doctrine "developed as a means of sustaining jurisdiction in products liability cases", its application has not been so limited. *DeJames, supra,* 654 F.2d at 285. It has been used as the basis for personal jurisdiction in patent infringement cases in this circuit. *See, Horne v. Adolph Coors Co.,* 684 F.2d 255, 260 (3d Cir.1982).

Under these facts, our exercise of personal jurisdiction over Kawai Japan cannot be said to offend traditional notions of fair play and substantial justice. Its contacts with this forum are sufficient to justify its defense of a lawsuit here. Therefore, we will deny the defendant's motion to dismiss.

---

**4.** The defendant's records do not indicate which electronic organ models comprise the above sales total. It is the defendant's DX organ series which is alleged to contain the patent infringing device at issue in this case. Distribution of the DX organs apparently is not confined to specific markets within the United States and, therefore, could be sold in Pennsylvania as easily as any other state. Moreover, the defendant does not contend that the DX organs have not been and are not being sold in Pennsylvania.