**ALLEN ORGAN COMPANY**

v.

**ELKA S.p.A.**

**Civ. A. No. 85–90.**

United States District Court,
E.D. Pennsylvania.

Aug. 1, 1985.

Sanford J. Piltch, Macungie, Pa., and Joel S. Goldhammer, Philadelphia, Pa., for plaintiff.

Lewis F. Gould, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Defendant ELKA S.p.A., a corporation organized and doing business in Italy, has moved to dismiss plaintiff Allen Organ's patent infringement action on two grounds. First, it contends that this Court cannot exercise personal jurisdiction over it in that ELKA has no place of business in, nor direct business contacts with, the Commonwealth of Pennsylvania. Secondly, ELKA asserts that service of process was defective in that the complaint was sent by the specially appointed process server via a private mail carrier when the Federal Rules of Civil Procedure require that process be dispatched by the Clerk of Court through the United States Postal Service.

### Lack of In Personam Jurisdiction

■ Defendant relies heavily upon the recent case of *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3d Cir.1985) to support its argument that personal jurisdiction is lacking. *Daetwyler* conclusively precludes a "national contacts" basis for jurisdiction and if plaintiff's action here were premised upon ELKA's business contacts throughout the United States, defendant would be correct in its contention that this Court lacks in personam jurisdiction. That conclusion, however, does not end the analysis in this case, any more than it did in *Daetwyler*. There the Court of Appeals also considered the propriety of asserting personal jurisdiction under Pennsylvania's long-arm statute, 42 Pa.Cons.Stat.Ann. § 5322 (Purdon's 1981), but concluded that there were insufficient contacts to meet due process requirements. Moreover, the court determined that the district court had implicitly reached the same conclusion, thereby having to rely upon the now rejected national contacts theory to avoid dismissing the case.

■ For purposes of this case, then, our analysis is circumscribed but also mandated by *Daetwyler:* we must determine whether asserting jurisdiction over ELKA under Pennsylvania's long-arm statute offends due process. It is settled that Pennsylvania intends its long-arm to reach to the limits of Constitutional due process. *Daetwyler*, 296, n. 8; *Allen Organ Co. v. Kawai Musical Instruments Manufacturing Co., Ltd.*, 593 F.Supp. 107 (E.D.Pa. 1984). Thus, it is required that defendant's conduct fall within one of the alternative terms of the statute and that defendant have sufficient contacts with the Commonwealth so that it could reasonably expect to be called upon to defend a lawsuit here.

■ Allen Organ contends that there are two possible bases for allowing it to bring defendant into court here, § 5322(a)(1)(iii), shipping merchandise directly or indirectly into or through Pennsylvania, and § 5322(a)(4), causing harm or tortious injury in the Commonwealth by an act or omission outside of it.

Defendant asserts that it has no direct relationship to any distributor that sells its musical instruments in Pennsylvania.[1] However, ELKA does have a distributorship agreement with a California company, America, Inc. In addenda to that contract, Kimball Organ Company is specifically mentioned as a seller of ELKA organs. (Exhibit M to plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss). There are thirteen (13) Kimball/ELKA dealers in Pennsylvania. (Exhibit T to Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss). Pursuant to a term of the contract between ELKA and America, Inc., 50% of the ELKA organs purchased by America must be sold under the ELKA trademark. Organs sold under the Kimball name may be counted toward that 50% requirement if the ELKA name appears in letters at least one-third the size of those used for Kimball. (Exhibit M). Moreover, in a patent indemnification agreement with America, Inc., ELKA specifically bound itself to defend and indemnify Kimball in infringement actions brought in the United States. Thus, ELKA must certainly expect to be sued, pursuant to its contract, wherever personal jurisdiction may be obtained over Kimball.[2]

---

1. "... ELKA has not directly nor through any agents sold electronic organs or any other products in Pennsylvania. The organs manufactured by ELKA in Italy are sold in Italy to a California company, unrelated to either ELKA or Kimball, which is responsible for their importation into the United States. The organs are sold again to Kimball and distributed to independent dealers throughout the United States. Delivery of any organs to dealers in Pennsylvania is under the total control and authority of Kimball." (Defendant's Memorandum in Support of its Motion to Dismiss at 2, 3.)

2. Although this case does not present the issue of whether the Court could assert in personam jurisdiction over Kimball, and we certainly do not decide that question, it does appear likely from the limited facts available that Kimball could be required to defend an action in Pennsylvania arising from circumstances similar to those existing in this case.

The enumerated indicia of a relationship between Kimball and ELKA, as well as sales through many retail outlets in Pennsylvania, belie the assertion that ELKA's contacts here are random or fortuitous. ELKA's shipment of organs into the Commonwealth, through Kimball, satisfies both the terms of the long-arm statute and due process concerns.

In addition, there is a second and independent basis for asserting in personam jurisdiction over ELKA under paragraph (a)(4) of § 5322, concerning tortious injury. Since patent infringement is a tort and Allen Organ a Pennsylvania resident, ELKA may reasonably be expected to defend such an action here.

### Defective Service

 Defendant contends that service of the complaint was improper because it did not conform to the dictates of Fed.R.Civ.P. 4(i)(1)(D).[3] This, however, is an alternative form of service. Under the circumstances existing in this case, subdivision (e) of Rule 4 provides that service may be made in the manner prescribed by the rules of the state in which the district court is held. Pennsylvania provides for service on a foreign corporation in Pa.R.Civ.P. 2180. Subdivision (c)(3) of that rule makes reference to 42 Pa.Cons.Stat.Ann. § 5323, which in turn authorizes service outside the Commonwealth "By any form of mail addressed to the person to be served and requiring a signed receipt". § 5323(a)(3). Even if defendant were correct in its assertion that Federal Rule 4(i) contemplates only public mail, *i.e.*, letters sent through the United States Postal Service and thence to the postal authorities in the foreign jurisdiction, it is apparent that the Pennsylvania rule is not so limited. The term "any form of mail" is broad enough to encompass the private mail service employed by plaintiff in this case. Notice to the defendant of the claims against it is the purpose of service and it is the signed receipt rather than the

carrier that insures the fulfillment of that purpose. Although one of the alternative service rules must be followed to effect proper service, searching for the most restrictive one does not advance any legitimate interest of the courts nor of the defendant.

Having found neither of defendant's bases for its motion to dismiss meritorious, the motion will be denied and defendant directed to answer plaintiff's complaint.

pointed process server did not constitute effective service; (2) that "mail" cannot be sent by private carrier.

---

**3.** Defendant makes two arguments with respect to service under this rule: (1) that it requires that the complaint be sent by the Clerk of Court and that sending it through the specially ap-