[No. 16237-7-II.   Division Two.   February 17, 1995.]

CONTINENTAL SPORTS CORPORATION, *Appellant*, v. THE
DEPARTMENT OF LABOR AND INDUSTRIES,
*Respondent.*

*Gail E. Mautner* and *Lane Powell Spears Lubersky,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Penny L. Allen, Assistant,* for respondent.

MORGAN, J. — The Superior Court affirmed a ruling by the Board of Industrial Insurance Appeals (the Board) that Continental Sports Corporation (Continental) failed to timely appeal a "Notice and Order of Assessment of Industrial Insurance Taxes". Continental appeals, and we reverse.

In March 1990, the Department of Labor and Industries (the Department) assessed Continental for industrial insurance taxes in the amount of $116,235. On March 19, 1990, the Department served Continental with notice of the assessment.

In the notice, the Department stated "that any appeal . . . must be made within thirty days of the date of service by filing an appeal with the Board of Industrial Insurance Appeals and sending a copy of said appeal to the Director of the Department of Labor and Industries, by mail or personal delivery, pursuant to RCW 51.48.131."[1]

On April 18, 1990, the 30th day after service, *see* CR 6(a), Continental gave Federal Express a notice of appeal and instructed Federal Express to deliver the notice to the Board and the Department. Federal Express guaranteed next-day delivery for a fee of $35. On April 19, 1990, the 31st day after service, *see* CR 6(a), Federal Express delivered the notice as instructed.

The Department moved to dismiss Continental's appeal on grounds it was untimely. An administrative law judge recommended denial of the motion. However, the Board granted the motion, and the Superior Court affirmed. Continental then appealed to this court.

RCW 51.48.131 provides in part:

> A notice of assessment becomes final thirty days from the date the notice of assessment was served upon the employer unless: (1) A written request for reconsideration is filed with the department of labor and industries, or (2) an appeal is filed with the board of industrial insurance appeals and sent to the director of labor and industries by mail or delivered in person. The appeal shall not be denied solely on the basis that it was not filed with both the board and the director if it was filed with either the board or the director.

As both parties read this statute, a notice of appeal is timely if mailed on the 30th day of the 30-day appeal period.[2] The Department concedes that Continental's notice of appeal would have been "mailed" on the 30th day if Continental had deposited it with the United States Postal Service. The Department contends, however, that Continental's notice was not "mailed" on the 30th day because Continental deposited it with Federal Express.

---

[1]Ex. 3.

[2]According to the parties, the Board construes RCW 51.48.131 to mean that a notice of appeal is "filed" when mailed. Neither party assails the Board's construction.

■ Generally, postal regulations prohibit the carriage of mail by private express. 39 C.F.R. § 310.2(a);[3] *see also* 18 U.S.C. §§ 1693-1697.[4] However, they allow the carriage of certain "extremely urgent letters" by private express. 39 C.F.R. § 310.2(b);[5] 39 C.F.R. § 310.2(c);[6] 39 C.F.R. § 320.6;[7] *see also* 39 U.S.C. § 601. A letter is "conclusively presumed" to be extremely urgent "if the amount paid for private car-

---

[3]39 C.F.R. § 310.2(a) states in pertinent part:

"(a) It is generally unlawful under the Private Express Statutes for any person other than the Postal Service in any manner to send or carry a letter on a post route or in any manner to cause or assist such activity. Violation may result in injunction, fine or imprisonment or both and payment of postage lost as a result of the illegal activity."

[4]18 U.S.C. § 1696 provides in part:

"(a) Whoever establishes any private express for the conveyance of letters or packets, or in any manner causes or provides for the conveyance of the same by regular trips or at stated periods over any post route which is or may be established by law, or from any city, town, or place to any other city, town, or place, between which the mail is regularly carried, shall be fined not more than $500 or imprisoned not more than six months, or both." The other cited statutes are similar though not the same.

[5]39 C.F.R. § 310.2(b) provides:

"(b) Activity described in paragraph (a) of this section is lawful with respect to a letter if:

"(1)(i) The letter is enclosed in an envelope or other suitable cover;

"(ii) The amount of postage which would have been charged on the letter if it had been sent through the Postal Service is paid by stamps, or postage meter stamps, on the cover or by other methods approved by the Postal Service;

"(iii) The name and address of the person for whom the letter is intended appear on the cover;

"(iv) The cover is so sealed that the letter cannot be taken from it without defacing the cover;

"(v) Any stamps on the cover are canceled in ink by the sender; and

"(vi) The date of the letter, or of its transmission or receipt by the carrier, is endorsed on the cover in ink by the sender or carrier, as appropriate[.]"

[6]39 C.F.R. 310.2(c) provides:

"(c) The Postal Service may suspend the operation of any part of paragraph (b) of this section where the public interest requires the suspension."

[7]39 C.F.R. § 320.6 provides in part:

"(a) The operation of . . . § 310.2(b) (1) through (6) of this chapter is suspended on all post routes for extremely urgent letters if the conditions of either paragraph (b) or (c) of this section, and of the other paragraphs of this section, are met.

"(b)(1) . . . For [letters dispatched 50 or more miles from the intended destination], delivery must be completed within 12 hours or by noon of the addressee's

riage of the letter is at least three dollars or twice the applicable U.S. postage for First-Class Mail (including priority mail) whichever is the greater." 39 C.F.R. § 320.6(c). It follows that a letter for which the sender pays more than twice the applicable United States postage, and not less than $3, is carried "by mail" when it is carried *either* by private express *or* by the United States Postal Service.[8]

It is undisputed that Continental paid Federal Express' fee for next-day delivery. Thus, it mailed its notice as an "extremely urgent letter", and the notice was "sent . . . by mail" on the last day of the 30-day appeal period.

Reversed and remanded to the Board for further proceedings.

SEINFELD, C.J., and BRIDGEWATER, J., concur.

Review granted at 126 Wn.2d 1022 (1995).

---

next business day. . . . For any part of a shipment of letters to qualify under this paragraph (b), each of the letters must be extremely urgent.

"  . . . .

"(c) It will be conclusively presumed that a letter is extremely urgent and is covered by the suspension if the amount paid for private carriage of the letter is at least three dollars or twice the applicable U.S. postage for First-Class Mail (including priority mail) whichever is the greater. . . ."

[8]The particular wording of RCW 51.48.131 may buttress this result. In RCW 51.48.131, the Legislature said only that a notice of appeal had to be "sent . . . by mail". In other statutes, the Legislature has said that items must be sent "by United States mail". *E.g.*, former RCW 29.36.126; RCW 47.52.133; RCW 83.100.050. An intent to restrict the term "mail" to items carried by the United States Postal Service is more easily inferred from the latter statutes than from RCW 51.48.131.