[No. 62709-6.    En Banc.    February 22, 1996.]

CONTINENTAL SPORTS CORPORATION, *Respondent*, v.
THE DEPARTMENT OF LABOR AND INDUSTRIES,
*Petitioner.*

*Christine O. Gregoire, Attorney General* and *Penny L. Allen, Assistant,* for petitioner.

*Lane Powell Spears Lubersky* by *Gail E. Mautner* and *Michael B. King,* for respondent.

*Christine O. Gregoire, Attorney General,* and *Jean M. Wilkinson, Assistant,* on behalf of the Board of Industrial Insurance Appeals, amicus curiae.

ALEXANDER, J. — We granted review of a decision of the Court of Appeals in which that court reversed the Superior Court's affirmance of a decision of the Board of Industrial Insurance Appeals (Board) to the effect that Continental Sports Corporation's appeal from a notice and order of assessment of industrial insurance taxes was untimely filed. In overturning the Board's decision, the Court of Appeals concluded that Continental timely filed its notice of appeal by sending it "by mail," as permitted by statute, when it deposited the notice with Federal Express, a private delivery service, on the last day that an appeal could be

filed. Although we disagree with the Court of Appeals's conclusion that Continental's delivery of the notice to Federal Express was equivalent to sending the notice "by mail," we nevertheless affirm that court, concluding that Continental substantially complied with the statutory provisions.

Continental, a Washington corporation, is a subsidiary of a Canadian corporation. In March 1990, the Department of Labor and Industries (Department) issued a notice and order of assessment, indicating that Continental owed industrial insurance taxes in the amount of $116,235.43. On March 19, 1990, the Department served the notice and order of assessment on Continental at Continental's office in Kennewick. On that same date, the notice and order was transmitted by fax from Kennewick to Continental's headquarters in Vancouver, British Columbia. The notice stated, in part, that "any appeal . . . must be made within thirty days of the date of service by filing an appeal with the Board of Industrial Insurance Appeals and sending a copy of said appeal to the Director of the Department of Labor and Industries, by mail or personal delivery, pursuant to RCW 51.48.131." Notice and order of assessment, Ex. 3.

On April 17, 29 days after Continental received the notice and order of assessment, its vice-president, Gary Mathieson, telephoned the Department to determine when and how Continental could deliver its notice of appeal. According to Mathieson, he told a representative of the Department that the notice would be sent to the Department on the following day by a private delivery service, Federal Express. Relying on what he claimed was the Department's response, Mathieson sent the notice of appeal to the Department and the Board by Federal Express's "overnight service" on April 18, the 30th day after the notice and order of assessment was received by Continental. Report of Proceedings at 33. Mathieson prepaid Federal Express $35 for its service and obtained a receipt which indicated that Federal Express had received

the notice of appeal on that date. On April 19, 1990, 31 days after the notice and order of assessment was served on Continental, Federal Express delivered Continental's notice of appeal to the Board.

The Board granted Continental's appeal subject to a showing that its notice of appeal was timely filed. Following a hearing on that issue, an industrial appeals judge prepared a proposed order indicating that the appeal had been timely filed. The Department petitioned the Board to review the industrial appeals judge's decision. Upon review, the Board disagreed with the appeals judge's decision and dismissed Continental's appeal as untimely, concluding that the notice of appeal was filed more than 30 days after the notice and order of assessment was served on Continental. In doing so, it specifically declined to equate delivery of a notice of appeal by a private delivery service to sending it "by mail." Continental appealed the Board's decision to the Thurston County Superior Court, which affirmed the Board. Continental then appealed to the Court of Appeals, Division Two, which reversed the Superior Court. The Department petitioned this court for review of the Court of Appeals's decision and we granted it.

The issue that we must resolve is whether Continental complied with RCW 51.48.131, the statute that governs the time and manner in which appeals may be filed from a notice and order of assessment of the Department of Labor and Industries. That statute provides in part:

> A notice of assessment becomes final thirty days from the date the notice of assessment was served upon the employer unless: (1) A written request for reconsideration is filed with the department of labor and industries, or (2) an appeal is filed with the board of industrial insurance appeals and sent to the director of labor and industries by mail or delivered in person. The appeal shall not be denied solely on the basis that it was not filed with both the board and the director if it was filed with either the board or the director.

RCW 51.48.131.

The Board and the Department both concede that Continental's notice of appeal would have been timely filed, regardless of the date it was actually delivered to the Board, if it had been addressed to either the Department or the Board and deposited with the United States Postal Service on or before the 30th day of the appeal period. We must decide here a question that is not answered by that concession: is a notice of appeal timely filed when it is deposited with a private delivery service, such as Federal Express, on the 30th day of the appeal period and delivered to the Board the following day? In the event that we conclude it is not, we must also decide if Continental substantially complied with the above quoted statute.

## I

The Department contends on appeal, as it did below, that Continental failed to comply with RCW 51.48.131 because it did not send the notice of appeal "by mail" within 30 days from the date the notice and order of assessment was served on it. More specifically, they argue that sending postal matter by a private delivery service is not equivalent to sending it "by mail," urging upon us the proposition that the term "mail" only includes postal matter carried by the United States Postal Service. Continental responds that postal matter is mail if it is carried either by the United States Postal Service or a private delivery service such as Federal Express.

In concluding that sending an item by Federal Express is equivalent to sending it "by mail," the Court of Appeals relied on several United States postal regulations. It did so despite noting that postal regulations generally prohibit the carriage of mail by private carriers. 39 C.F.R. § 310.2(a); 18 U.S.C. § 1696. That court went on to observe, however, that the government's monopoly on the delivery of mail is subject to some exceptions. It focused on the so-called "extremely urgent letters" exception, noting that a letter "will be conclusively presumed . . . extremely urgent" if the amount paid the private carrier is at least

$3, or twice the applicable United States postage for first class mail, whichever is greater. *Continental Sports Corp. v. Department of Labor & Indus.*, 77 Wn. App. 17, 20 n.7, 889 P.2d 506 (1995); 39 C.F.R. § 310.2(b)-(c); 39 C.F.R. § 320.6(c). The Court of Appeals went on to hold that "[i]t follows that a letter for which the sender pays more than twice the applicable United States postage, and not less than $3, is carried 'by mail' when it is carried *either* by private express *or* by the United States Postal Service" and that since Continental paid Federal Express a $35 fee for next day service "it mailed its notice as an 'extremely urgent letter', and the notice was 'sent . . . by mail' on the last day of the 30-day appeal period." *Continental Sports*, 77 Wn. App. at 20.

■ We are not satisfied that sending postal matter by private delivery service is sending it "by mail" simply because the particular delivery falls within the extremely urgent letters exception to the United States postal regulations. We are inclined, rather, to focus on the ordinary meaning of the term mail when construing Washington statutes requiring service by mail. We do that because mail is not defined in RCW 51.48.131, and when a term is not defined, it should be given its ordinary meaning. *Garrison v. State Nursing Bd.*, 87 Wn.2d 195, 196, 550 P.2d 7 (1976). In attempting to discern the ordinary meaning of mail, resorting to the dictionary, unfortunately, is not particularly helpful. According to at least one dictionary, that term encompasses either "the bags of letters and other postal matter conveyed under public authority from one post office to another" or "the postal matter consigned at one time to or from one person or one post office or conveyed by a particular train, airplane, or ship." *Webster's Third International Dictionary* 1361 (3d ed. 1986). From that definition, it could be argued, as the Board does, that since Federal Express is not a public authority, it does not deliver mail. It is also plausible to contend, as Continental does, that mail includes postal matter carried by private couriers.

No Washington case has decided whether postal matter that is considered mail, if carried by the United States Postal Service, is mail if it is carried by Federal Express or another private delivery service. Furthermore, case law from other jurisdictions is not of great assistance. Some courts have narrowly defined mail as postal matter carried by the United States Postal Service. *See, e.g., Northland Pioneer College v. Zarco,* 179 Ariz. 44, 47, 875 P.2d 1349, 1352 (1994). ("While it is undisputed that there are many private companies engaged in the delivery of documents for a fee, the only entity authorized to deliver mail is the United States Postal Service.") On the other hand, at least one federal district court has construed a Pennsylvania rule of civil procedure allowing service by " 'any form of mail,' " to include postal matter delivered by a private mail service. *Allen Organ Co. v. Elka S.p.A.,* 615 F. Supp. 328, 330 (E.D. Pa. 1985).

Continental contends that because RCW 51.48.131 specifies that service of the notice of appeal can be done "by mail," whereas other Washington statutes specifically require that service of notices may be made only by the United States Postal Service, the term mail must encompass postal matter delivered by a private delivery service. Specifically, it points out that the Legislature has used the words "United States mail" in some statutes,[1] and reasons that the Legislature was evidencing intent that the general term mail have a broader meaning than merely postal matter carried by the United States Postal Service. In that regard, Continental cites the well-accepted rule that when different language is employed in different statutes, there is a difference in legislative intent. *United Parcel Serv., Inc. v. Department of Revenue,* 102 Wn.2d 355, 362, 687 P.2d 186 (1984).

Continental also calls our attention to the principle "[a] court may not add words to a statute even if it believes the Legislature intended something else but failed to

---

[1]*See, e.g.,* RCW 82.38.170(10) ("if by mail, service shall be made by depositing such notice in the United States mail").

express it adequately." *Caritas Servs., Inc. v. Department of Social & Health Servs.,* 123 Wn.2d 391, 409, 869 P.2d 28 (1994). It suggests, in that regard, that a ruling in favor of the Department and the Board would effectively qualify the term mail by adding the words "United States" to RCW 51.48.131 notwithstanding the Legislature's choice not to do so.

The Court of Appeals appeared to agree with Continental, indicating that restricting the term mail to items carried by the United States Postal Service is "more easily inferred" from statutes that require service " 'by United States mail.' " *Continental Sports,* 77 Wn. App. at 20 n.8. While there is some merit to this view, we are not inclined to follow Continental's reasoning. In our judgment, the fact that some statutes require service by mail while other statutes require service by "United States mail" loses importance when one realizes that many statutes that use the term mail without a qualifier were adopted well before the use of private delivery companies to deliver postal matter became as common as it is today. *See, e.g.,* RCW 17.04.220 (adopted in 1961).

In the final analysis, absent specific direction from the Legislature, we are loathe to include delivery of postal matter by a private delivery service within the definition of mail. Our hesitancy stems, in part, from the fact that such a determination would create practical problems in the appeal process. In that respect, we take note of the Department's concession that a notice is considered filed on the day that it is postmarked. This concession is reasonable because a postmark gives the Board an accurate record of when the notice of appeal was filed. A problem that is created by the Court of Appeals's definition of mail is that it is so broad that it would include a delivery of postal matter in the manner it was done here, as well as delivery done in a manner that would not provide a reliable indication as to when it was "mailed." As an example of the latter, a party paying $35 to a taxi driver or bicycle messenger to deliver its notice of appeal to the Board

would be conclusively presumed to have sent it by mail, because such a delivery could fall under the extremely urgent mail classification.[2] We do not believe the Legislature intended the term mail to sweep so broadly that it would include this type of delivery.

In short, we are not willing to hold that mail is anything other than postal matter carried by the United States Postal Service. If the Legislature chooses to broaden the term mail to include postal matter sent via a private courier service such as Federal Express, it is capable of expressing that intention. It has not done so and we will not add words to the statute.

## II

Although we conclude that postal matter delivered by Federal Express is not mail for the purposes of RCW 51.48.131, that conclusion does not resolve this appeal. We must still decide whether Continental is correct in its assertion that even if the notice of appeal was not technically sent to the Board "by mail," it substantially complied with the provisions of RCW 51.48.131 when it employed Federal Express to deliver its notice of appeal.

■ "Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute." *City of Seattle v. Public Employment Relations Comm'n,* 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (quoting *In re Santore,* 28 Wn. App. 319, 327, 623 P.2d 702, *review denied,* 95 Wn.2d 1019 (1981)). Substantial compliance has been found where there has been compliance with the statute albeit with procedural imperfections. *Public Employment Relations Comm'n,* 116 Wn.2d at 928. This court has employed the doctrine of substantial compliance in cases involving the

---

[2]When sending a letter under the "extremely urgent letters" exception, postal regulations require a sender to date the package only if the value or usefulness of the letter would be lost or diminished if delivery is not completed within 12 hours or by noon of the addressee's next business day. C.F.R. § 320.6(b)(1), (d).

invocation of appellate jurisdiction. *See, e.g., In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980) (notice of appeal under Industrial Insurance Act, RCW 51.52.110).

The Department, relying on *Public Employment Relations Comm'n,* contends that the substantial compliance doctrine has no application to this case. In that case, a superior court judge dismissed an appeal from an administrative decision because the appealing party failed to serve all of the respondents prior to the expiration of the 30-day time limit for appeal. We affirmed the order of dismissal, indicating that "[i]t is impossible to substantially comply with a statutory time limit . . . It is either complied with or it is not." *Public Employment Relations Comm'n,* 116 Wn.2d at 928-29.

The Department asserts that, like the appellant in *Public Employment Relations Comm'n,* Continental was simply late in submitting its notice of appeal and, therefore, its appeal is barred. The issue here is not, however, whether the fact that the notice arrived on the 31st day amounts to substantial compliance with the statutory requirement that an appeal be filed within 30 days. Instead, the issue is whether depositing the notice of appeal with Federal Express within the 30-day period for appeal constitutes substantial compliance with the statutory requirement that a party send its notice of appeal to the Department or Board "by mail" within 30 days of receiving a notice of assessment.

We are satisfied that Continental substantially complied with the requirements of RCW 51.48.131. As noted above, the Department concedes that the notice of appeal would have been timely filed if it had been addressed to the Board or the Department and delivered to the United States Postal Service on the 30th day of the appeal period. Because Federal Express furnished Continental with a receipt which indicated the date and time Continental deposited the notice of appeal with Federal Express, the Department was able to ascertain that the notice of appeal was sent to the Board on the final day of the appeal

period. The Department, therefore, was in as good a position as it would have been had the notice of appeal been sent to the Board "by mail."

In deciding that Continental substantially complied with RCW 51.48.131, we are not unmindful of our recent decision in *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 902 P.2d 1247 (1995). In that case, a party asserted that it had substantially complied with RCW 34.05.542(2), a provision in the Administrative Procedure Act that requires service of a petition for judicial review upon the "parties of record." We held there that service of the petition upon opposing counsel was not substantial compliance with the aforementioned statute because the term "party" was explicitly defined in RCW 34.05.010(11) and, furthermore, the provision allowing service on "attorneys of record" had been repealed by the Legislature. *See* RCW 34.05.464(9). To hold in *Union Bay* that service on an attorney for a party amounted to substantial compliance with the requirement that service be made on a party of record would have effectively trumped the Legislature's clear expression of its intent that service be made only on the parties of record. That situation is vastly different than that with which we are here presented. Rather than flying in the face of a strict statutory requirement relating to service of a petition for judicial review, we determined that Continental substantially complied with a less specific requirement that the notice of appeal be sent by "mail," a term undefined by the Legislature. The decisions are not inconsistent.

## III

Because we have ruled that the use of Federal Express in this case substantially complied with the statutory requirement that the notice of appeal be sent "by mail," we need not address Continental's argument that because of statements of a representative of the Department, the Board and the Department should be equitably estopped

from asserting that the notice of appeal was not timely filed.

Affirmed.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, and TALMADGE, JJ., and PEKELIS, J. Pro Tem., concur.