IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 39604-5-III |
| | ) | |
| HEATHER R. SCHOONOVER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| CHRISTOPHER L. SCHOONOVER, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — We granted discretionary review of the superior court's contempt orders against Heather Sheffield. The court determined that Ms. Sheffield had violated a court order to surrender firearms and a court order prohibiting the parties from discussing the parenting plan litigation with their children. We generally affirm.

FACTS

Heather Sheffield and Christopher Schoonover have two minor children and are engaged in litigation over a parenting plan. On November 2, 2022, the parties argued a motion for contempt before a court commissioner. The court commissioner orally found Ms. Sheffield in contempt for violating an August 25, 2022 order to surrender firearms

and a September 27, 2022 temporary order prohibiting the parties from discussing the parenting plan litigation with their children. The facts underpinning these contempt findings are as follows:

- Failure to Surrender Firearms. In August 2022, a court commissioner had ordered Ms. Sheffield to surrender "all firearms . . . in [her] possession or control" to the Spokane County Sheriff, pending trial on Ms. Sheffield's parenting dispute with Mr. Schoonover. Clerk's Papers (CP) at 4. When the order issued, Ms. Sheffield and her husband Ken Sheffield were vacationing in Maryland. From Maryland, the Sheffields contacted acquaintance Roger Argo to enter the Sheffields' Idaho home and remove the pistols there, both of which were registered to Mr. Sheffield. Rather than surrender the weapons, Mr. Argo himself retained them.

- Violation of Temporary Family Law Order. As mentioned, the court commissioner had forbidden the parties from discussing the ongoing parenting plan litigation with their children. The children's counselor (Erica Gruen) related statements from Ms. Sheffield's children indicating that their mother was coaching them in litigation matters. Ms. Gruen relayed these statements in separate letters to the court.

Before the court commissioner could convert its oral contempt ruling to a written order, Ms. Sheffield filed a declaration asserting that, in attempting to comply with the gun surrender order, she had reasonably relied on the advice of her former attorney. Ms. Sheffield's declaration attached correspondence from that attorney advising Ms. Sheffield to surrender only *her* firearms to the sheriff, while merely having a third party temporarily store her husband's firearms. Ms. Sheffield sought to bring this information to the court commissioner's attention in a motion to amend its findings. However, because of two procedural errors committed by Ms. Sheffield's attorney, the court commissioner never considered the motion or the new declaration. The first error was her attorney's failure to timely file the memorandum in support of the motion; the second error was her attorney's subsequent filing of an overlength memorandum. After the second error, her attorney withdrew the motion to amend findings and advised the court commissioner that he would ask the superior court to remand for consideration of Ms. Sheffield's late declaration.

Ms. Sheffield sought a revision of the court commissioner's contempt order and amended temporary parenting plan. In the alternative, Ms. Sheffield requested that the superior court remand for the court commissioner to consider her untimely declaration.

Additionally, Ms. Sheffield asked the superior court to strike the fees the court commissioner had imposed pursuant to a one-day continuance Ms. Sheffield had secured

prior to the original contempt hearing. The court denied both Ms. Sheffield's motion to revise and her request to strike fees. The court also required Ms. Sheffield to pay additional fees arising from her motion to revise.

Following the superior court's ruling, Ms. Sheffield petitioned this court for discretionary review. We granted discretionary review as to the contempt order and related attorney fee award, while denying review as to the revised temporary parenting plan.

ANALYSIS

Ms. Sheffield argues the superior court erred by finding her in contempt of the firearm surrender order and the temporary parenting plan. For the reasons discussed below, we disagree.

This court reviews contempt orders for abuse of discretion. *In re Marriage of James*, 79 Wn. App. 436, 439-40, 903 P.2d 470 (1995). A superior court operates within its discretion where its findings derive from the factual record, its conclusions apply sound law, and its decisions are not manifestly unreasonable. *In re Marriage of Bowen*, 168 Wn. App. 581, 586-87, 279 P.3d 885 (2012).

No. 39604-5-III
*Marr. of Schoonover*

A.    FIREARM SURRENDER ORDER

Ms. Sheffield argues the superior court erred by finding her in violation of the firearm surrender order.  She argues she "substantially complied with the . . . Order, and had no bad faith if she did technically violate the order."  Br. of Appellant at 12.[1]

A superior court may hold a party in contempt where that party disobeys a lawful order or refuses without authority to produce a demanded item.  RCW 7.21.010(1)(b), (d).  Generally, a party who "follow[s a statute] sufficiently so as to carry out the intent for which the statute was adopted" has shown substantial compliance, which may excuse contempt.  *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981) (defining substantial compliance generally); *see also Cont'l Sports Corp. v. Dep't of Lab. & Indus.*, 128 Wn.2d 594, 602, 910 P.2d 1284 (1996) (Substantial compliance exists where a party shows "compliance with [a] statute albeit with procedural imperfections.").

Here, Ms. Sheffield argues she substantially complied with the firearm surrender order because she did not own any firearms, and her husband had his firearms retained by a third party, rather than having them delivered to the sheriff's department.  Ms. Sheffield cites no law where our courts have applied substantial compliance in a firearm surrender

---

[1] Ms. Sheffield also contended that Washington's firearm surrender statute is unconstitutional.  In an August 28, 2024 e-mail to the court clerk, counsel for Ms. Sheffield withdrew this contention, conceding that the constitutional issue was not procedurally preserved, and that *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889, 1903, 219 L. Ed. 2d 351 (2024), upheld a substantially similar state statute.

5

context.  Even if substantial compliance is an available defense, however, we do not find such compliance here.

The order the court commissioner entered expressly required Ms. Sheffield to surrender firearms in her possession or control to the Spokane County Sheriff's Department.  By imposing this requirement, the court sought not only to divest Ms. Sheffield of firearms but to (1) secure those firearms in an ascertainable location, and (2) prevent Ms. Sheffield from recovering those firearms through any process but a formally accountable one.

These are not immaterial objectives.  Where the State cannot secure a restrained party's weapons nor ascertain the weapons' location, while the party herself knows exactly where the weapons are stored and who is storing them, the party retains a sufficient degree of control and access to those weapons to defeat the purpose of a surrender order.  In such a situation, the restrained party could simply decide to recover the weapons, and entreat the third party to relinquish them.  The third party—who is not subject to any court order—would not violate the law by doing so.  In short, the "compliance" Ms. Sheffield showed here was not substantial because it left Ms. Sheffield, as the restrained party, insufficiently restrained.  Contempt was appropriate.

Although Ms. Sheffield, in her appellate brief, alludes to her lack of bad faith, she fails to develop this argument in any meaningful way.  We therefore decline to review it.

*In re Adoption of Evans*, 18 Wn. App. 2d 425, 429 n.2, 491 P.3d 218 (2021); *Hassan v. GCA Prod. Servs., Inc.*, 17 Wn. App. 2d 625, 632-33, 487 P.3d 203 (2021).

 *Remand request*

 Ms. Sheffield argues the superior court abused its discretion by failing to rule on her request to direct the court commissioner to consider her late declaration. She argues the court commissioner "kept bumping the [hearing], until revision was denied without [the] new evidence." Br. of Appellant at 15.

 We disagree with Ms. Sheffield's characterization of her inability to have the court commissioner consider her late declaration. As noted above, Ms. Sheffield filed a motion to amend the commissioners' findings, and submitted her late declaration with that motion. However, because of her attorney's procedural errors, the commissioner never considered her declaration. Eventually, Ms. Sheffield withdrew her motion to amend the findings, and instead asked the superior court to remand to the court commissioner to consider the declaration.

 A superior court considering a motion to revise may not consider evidence other than what was before its commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999); *Iturribarria Perez v. Bazaldua Garcia*, 148 Wn. App. 131, 138-39, 198 P.3d 539 (2009). Nevertheless, "if the trial court determines that additional evidence is required, the judge should 'remand to the commissioner for further

proceedings [as] necessary.'" *Iturribarria*, 148 Wn. App. at 138 (alteration in original)
(quoting *Moody*, 137 Wn.2d at 992).

We remand with directions for the superior court to exercise its discretion in
determining whether to remand to the court commissioner to consider Ms. Sheffield's
late declaration. In exercising its discretion, the superior court may consider whether Ms.
Sheffield's reliance on her attorney's advice was reasonable, given the terms of the
firearm surrender order. If it was reasonable, the superior court may condition remand on
Ms. Sheffield paying reasonable terms, given that it was her own attorney's errors that
contributed to the delay and expense of having her late declaration considered.

B.      TEMPORARY PARENTING PLAN

Ms. Sheffield argues the contempt finding as to her violation of the temporary
parenting plan was improper because the superior court relied on child hearsay.
Specifically, Ms. Sheffield argues that her children's hearsay statements to their
therapist—wherein they disclosed Ms. Sheffield's attempts to coach them about what to
disclose and not disclose to the therapist—were not admissible as statements for the
purpose of medical treatment. We disagree.

Although generally inadmissible, hearsay withstands evidentiary scrutiny where
the declarant offered the challenged statements for the purpose of obtaining medical
treatment. ER 803(a)(4). This hearsay exception extends to descriptions of "past or

8

present symptoms . . . or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." ER 803(a)(4).

Here, Ms. Sheffield's children offered the challenged statements while confiding to their therapist for the purpose of ameliorating trauma, stress, anxiety, and loss. The statements Ms. Sheffield challenges fall squarely within the ER 804(a)(4) hearsay exception.

As part of her argument, Ms. Sheffield casts aspersions on Ms. Gruen's professional integrity, suggesting that the counselor's supposed biases somehow move the Schoonover children's statements out of the ER 804(a)(4) exception. They do not. While it is true that the conduct of an interrogator is relevant to an ER 804(a)(4) inquiry, it is only relevant insofar as it might alter the primary purpose of a declarant's statements. *See State v. Scanlan*, 193 Wn.2d 753, 763, 445 P.3d 960 (2019). In other words, Ms. Gruen's alleged biases would only alter our analysis here were Ms. Sheffield to show that Ms. Gruen somehow controverted the children's therapeutic purpose in disclosing Ms. Sheffield's conduct, and reoriented the children toward making testimonial statements. Ms. Sheffield makes no such showing. The record indicates only that the children, when they made the challenged statements, were talking to Ms. Gruen pursuant to treatment of their stress and anxiety.

Additionally, Ms. Sheffield argues that ER 804(a)(4) only excepts statements made in a clinical setting, and not those made in a forensic setting. We need not reach this question, however. The record indicates that Ms. Sheffield's children entered therapy to address their own emotional and mental health challenges, and not to furnish evidence of those challenges for some forensic purpose. In short, the context here was clinical.

Finally, Ms. Sheffield argues that Ms. Gruen's letters to the trial court constituted an impermissible parenting plan recommendation under WAC 246-924-445. This allegation is not relevant to this appeal, however. Our court granted discretionary review as to the contempt findings only, and denied review as to the temporary parenting plan. Accordingly, the only question pertinent to this analysis is whether the children's statements to their therapist were admissible, and not whether the therapist's views influenced the parenting plan the court approved.

Because the children's statements were admissible, the superior court properly found contempt where Ms. Sheffield violated a court order by discussing ongoing parenting plan litigation with her children.

C. ATTORNEY FEES

Ms. Sheffield argues the superior court erred when it ordered her to pay attorney fees pursuant to (1) the one-day continuance she received, and (2) the revision she

10

sought. Ms. Sheffield argues the former penalty was improper where the one-day

continuance garnered her no benefit, and argues the latter penalty arose from an improper

application of a statutory provision. We disagree.

*Standard of review*

Our court reviews attorney fee awards under a two-part standard: "(1) we review

de novo whether there is a legal basis for awarding attorney fees by statute, under

contract, or in equity and (2) we review a discretionary decision to award or deny

attorney fees and the reasonableness of any attorney fee award for an abuse of

discretion." *Park Place Motors, Ltd. v. Elite Cornerstone Constr., LLC*, 18 Wn. App. 2d

748, 753, 493 P.3d 136 (2021).

*Fees pursuant to continuance*

In its denial of revision, the superior court awarded attorney fees to Mr.

Schoonover on the grounds that

> Mr. Schoonover was required to have his attorney appear for Ms.
> Sheffield's motion to continue. Ms. Sheffield chose to hire new counsel
> five days before the hearing. Her eight-page responsive declaration and
> Mr. Schoonover's reply were already filed. Seeking a continuance to
> re-do Ms. Sheffield's "under-developed" response at this stage was not
> appropriate. Fees in such a situation was appropriate.

CP at 345.

As we read this order, the superior court exercised its authority under CR 11(a)(3), (4) to award attorney fees where a party's motion causes "unnecessary delay or needless increase in the cost of litigation." Ms. Sheffield argues the fee award was inappropriate where the one-day continuance the trial court granted garnered her no meaningful benefit. However, detriment to the responding party, and not benefit to the movant, is what justifies fees in this instance.

Because the superior court rooted its fee award in a finding of detriment to Mr. Schoonover, we find no abuse of discretion.

*Fees pursuant to revision*

The superior court also awarded attorney fees pursuant to RCW 26.09.160(2)(b)(ii). Under that provision, a superior court upon a finding of contempt must award to the injured party "*all* court costs and reasonable attorneys' fees incurred as a result of the noncompliance." RCW 26.09.160(2)(b)(ii) (emphasis added).

Ms. Sheffield argues the superior court's award in this respect was improper where the fees in question arose from her motion to revise the contempt order, and not from the contempt proceedings themselves. Ms. Sheffield's argument ignores the fact that the fees incurred by Mr. Schoonover in responding to her motion to revise were incurred as a result of her noncompliance. Accordingly, those fees fell within the statute.

12

No. 39604-5-III
*Marr. of Schoonover*

Affirmed in part and remanded in part.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Pennell, J.                    Staab, J.

13