**Sidney A. CLARK, Movant,**

v.

**INSPECTOR GENERAL OF THE U.S. DEPARTMENT OF AGRICULTURE, Defendant.**

Civil No. 96–756–ST.

United States District Court, D. Oregon.

Oct. 10, 1996.

---

Craig J. Casey, U.S. Attorneys Office, Portland, OR, for United States Office of Inspector General, U.S. Department of Agriculture, Respondent.

Glenn Nathan Solomon, Portland, OR, for Sidney A. Clark, Movant.

### ORDER

ROBERT E. JONES, District Judge.

Magistrate Judge Janice M. Stewart filed Findings and Recommendation on September 5, 1996, in the above-entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo,* I find no error.

 Accordingly, I ADOPT Magistrate Judge Stewart's Findings and Recommendation (# 10) dated September 5, 1996, in its entirety. The Inspector General's motion to dismiss Clark's challenge (# 3) is GRANTED and this action is dismissed.

IT IS SO ORDERED.

### FINDINGS AND RECOMMENDATION

STEWART, United States Magistrate Judge:

### INTRODUCTION

Movant Sidney A. Clark ("Clark") brings this action against respondent the Inspector General of the United States Department of Agriculture ("Inspector General") challenging a subpoena issued by the Inspector General to Clark's bank on May 10, 1996. Clark

---

1. An identical motion has been filed in the companion case, *Clark v. Inspector General of the United States Department of Agriculture,* CV 96–757–ST, which this court also recommends be

filed his challenge on May 22, 1996, pursuant to the Right to Financial Privacy Act of 1978, 12 USC §§ 3401–3422. This court has federal question jurisdiction under 28 USC § 1331.

Now before this court is the Inspector General's motion to dismiss Clark's challenge (docket # 3). For the reasons set forth below, this court recommends that the motion be granted.[1]

### DISCUSSION

The Inspector General moves to dismiss Clark's challenge on the basis that it was not properly served according to 12 USC § 3410(a), which requires that:

> Service shall be made under this section upon a Government authority by delivering or *mailing by registered or certified mail* a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter.

(emphasis added).

Clark admits that his challenge was not served in accordance with the statute, but was instead served by regular mail. However, Clark contends that because the Inspector General received actual notice of the challenge, and was not prejudiced by Clark's failure to send the challenge via registered or certified mail, dismissal is inappropriate. The Inspector General counters that § 3410(a) requires strict compliance, and that Clark's failure to comply mandates dismissal of his challenge.

Neither party has cited authority to support its position. However, this court notes that statutory notice requirements similar to those of § 3410(a) have been strictly construed and enforced. In *Colorado Property Acquisitions, Inc. v. United States,* 894 F.2d 1173 (10th Cir.1990) ("*Colorado Property* "), the Tenth Circuit held that the similar notice provision of Internal Revenue Code § 7425(c)(1)[2] is mandatory, explaining:

granted in a Findings and Recommendation issued concurrently.

2. "Notice of a sale ... shall be given (in accordance with regulations prescribed by the Secre-

The statute uses clear and simple language. It provides that notice of a sale shall be given by registered or certified mail or by personal service. The statute allows for no alternative to the specified methods of delivery.... Congress has the right to specify a particular method of delivery of notice and when it does so *the statutory requirement must be met* in order to effect a valid notice.

*Id.* at 1174–75 (emphasis added).

The court "recognize[d] the harshness of this rule," but remarked that the "remedy, if any there is to be, must come from Congress and not the Courts." *Id.* at 1175. *See also Goodwin v. United States,* 935 F.2d 1061, 1065 (9th Cir.1991) (strictly enforcing notice requirements of 26 USC § 6335); *Kulawy v. United States,* 917 F.2d 729, 735 (2nd Cir. 1990) (same).

The language of § 3410(a) is equally clear and simple, requiring a subpoena challenge to be served personally or by registered or certified mail. This court agrees with the Tenth Circuit that where Congress has expressly designated a particular method of service, compliance with that method is mandatory.

Clark appears to rely on the court to impose a "substantial compliance" exception similar to that permitted for service of process upon an officer or agency of the United States under the Federal Rules of Civil Procedure. The Ninth Circuit has held that the personal service requirement of FRCP 4(i) [3] is substantially satisfied so long as the following conditions are met:

(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984).[4]

However, even if this court were to apply the "substantial compliance" standard to the service requirements of § 3410(a), Clark does not satisfy all four prongs of the test. Assuming that the Inspector General received actual notice and has suffered no prejudice by the defect in service, and that Clark would be prejudiced if his claim were dismissed, Clark fails present a justifiable excuse—or even any excuse at all—for his failure to properly serve the Inspector General. Instead, he stresses only that the Inspector General had actual notice and that his challenge is legitimate.

Although some degree of latitude is often afforded the *pro se* plaintiff, *see Borzeka,* 739 F.2d at 447–48 n. 2, Clark was represented by counsel at the time his challenge was filed. In fact, it was his attorney who signed the Certificate of Service which represents (inaccurately) that the challenge has been served by certified or registered mail. This court does not consider it a pecksniffian devotion to detail to insist that plaintiffs comply with express procedural requirements. Clark's service upon the government by regular mail is not countenanced by either the plain language of § 3410(a) or the doctrine of "substantial compliance."

## RECOMMENDATION

For the reasons set forth above, this court recommends that the Inspector General's motion to dismiss Clark's challenge (docket # 3) be GRANTED and this action be DISMISSED.

DATED this 5th day of September, 1996.

.

---

tary) in writing, by registered or certified mail or by personal service...." 26 USC § 7425(c)(1).

**3.** FRCP 4(i)(1) provides in pertinent part that: Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney ... or by sending a copy of the summons

and of the complaint by registered or certified mail....

**4.** At the time the Ninth Circuit decided *Borzeka,* the provision setting forth service upon the government was at FRCP 4(d)(5). As noted in the text, that provision is now at FRCP 4(i).