**Thomas David HUMPHREY, and Kari Deanne Humphrey, Plaintiff,**

v.

**Barbara S. DECKER, et al., Defendants.**

No. CS–96–583–WFN.

United States District Court, E.D. Washington.

March 14, 1997.

Thomas David Humphrey, Prosser, WA, pro se.

Kari Veanne Humphrey, Prosser, WA, pro se.

W. Carl Hankla, U.S. Dept. of Justice, Trial Atty., Tax Division, Washington, DC, for Defendants.

## ORDER

WM. FREMMING NIELSEN, Chief Judge.

Before the Court for hearing without oral argument on March 10, 1997, is Defendants' Motion to Dismiss presented by W. Carl Hankla, U.S. Department of Justice, Tax Division. Pro se Plaintiffs failed to respond to the substance of Defendants' Motion.[1]

The Court is fully informed after reviewing the file and pleadings on the motion. For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss for lack of personal jurisdiction.

## BACKGROUND

Plaintiffs filed a 24 page Complaint against Defendants, in their individual capacity, on October 16, 1996 alleging various criminal and civil actions. Defendant Deborah S. Decker (incorrectly named as Barbara S. Decker in the Complaint) is the current Director of the Ogden Service Center of the Internal Revenue Service (IRS). Defendant Michael Bigalow is the former Director of the Ogden Service Center. Defendant Rosendo Cavazos is a Revenue Officer in the Yakima, Washington office of the IRS. Plaintiffs assert fraud, harassment, trespass, kidnapping, unlawful seizure, theft, extortion, unlawful arrest, negligence, perjury, conspiracy as well as various other claims. Defendants request that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ Defendants assert that this Court lacks personal jurisdiction in this action as Defendants, in their individual capacity, the United States attorney, and the Attorney General have not been served. Plaintiffs attempted to serve Defendants by U.S. mail. Rule 4(i) of the Federal Rules of Civil Procedure is titled "Service Upon the United States, and Its Agencies, Corporations, or Officers." Fed.R.Civ.P. 4(i) (West 1996). Rule 4(i)(1) provides that service upon the United States shall be effected:

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

---

1. On March 5, 1997, this Court received a pleading from Plaintiffs. The pleading was captioned "Judge Wm. Framing Nelson, (This Refusal filed under the American Flag of Peace) Notice of Refusal to: Barbara S. Decker, et. al. NOTICE OF APPEARANCE, and CERTIFICATE OF SERVICE Jury Demand Endorsed Hereon, Incorporated Case CS 96–583 WFN." However, nothing within this pleading was responsive to Defendants' Motion.

(2) Service upon an officer ... of the United States, shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer. . . .

*Id.*

Presently, it does not appear that this Court has personal jurisdiction over Defendants as they have not been properly served.

■ However, a pro se plaintiff's failure to comply with service requirements under Civil Rule 4(i) does not require dismissal of the complaint if (a) the party to be personally served had actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984); *Clark v. Inspector Gen. of the U.S. Dep't of Agric.,* 944 F.Supp. 818, 820 (D.Or.1996). In this case it is clear Plaintiffs would not survive the *Borzeka* test. Only one of the three Defendants had actual notice of the Complaint following receipt in the mail. (Hankla Decl. ¶ 3). Additionally, Plaintiffs have not made this Court aware of any justifiable excuse for their failure to properly serve Defendants.

The pleading filed by Plaintiffs appears to assert that Plaintiffs believe that by filing their Complaint they are guaranteed a right to a jury trial. Additionally, Plaintiffs assert that Defendants' Notice of Appearance and Certificate of Service is fraudulent. As such, it is apparent that Plaintiffs will not respond to Defendants' Motion as it would "give the Defendant's (sic) NOTICE OF APPEARANCE and CERTIFICATE OF SERVICE credibility." Again, as stated above, nothing within Plaintiffs' pleading was responsive to Defendants' motion. Accordingly:

**IT IS ORDERED** that:

1. Defendants' Motion to Dismiss for lack of personal jurisdiction, **Ct.Rec. 4–1,** is **GRANTED.** All claims against all Defendants are **DISMISSED WITHOUT PREJUDICE.**

2. Defendants' Motion to Dismiss for lack of subject matter jurisdiction, **Ct.Rec. 4–2,** is **DISMISSED AS MOOT.**

The Clerk is directed to file this Order, provide copies to counsel and pro se Plaintiffs and to **CLOSE THIS FILE.**