**LEIGH v. LYNTON et al.**
**Civil Action No. 9277.**

United States District Court
E. D. New York.

Feb. 23, 1949.

Krisel & Beck, of New York City, for plaintiff.

Louis J. Felstiner, of New York City, for defendant, Phillip Lynton.

ABRUZZO, District Judge.

This motion is made to dismiss the action or, in lieu thereof, to quash the return of the summons served upon the defendant, Phillip Lynton. I think the service of the summons and complaint must be quashed. These are the uncontroverted facts:

Phillip Lynton, a native of Great Britain, came to the United States in 1946 and moved to an apartment in Los Angeles, California. The Lyntons as tenants entered into a lease with the owners of the housing accommodations, the subject of this dispute, for a term of one year ending August 31, 1947. There was an option to extend the lease for an additional period of two years. This extension privilege was exercised and, on January 1, 1948, the defendants with the consent of the owners sublet to this plaintiff the unexpired term of the said lease. The plaintiff contends in his complaint that he was forced to purchase from the defendants the furniture and furnishings at a price of $5,500. The action is under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and is for treble damages.

After this sublease was made, Mrs. Lynton, the wife of Phillip Lynton, came to New York and the husband remained in California. In the spring of 1948, the husband came to New York and both the wife and husband rented an apartment at Forest Hills, Long Island. In August, 1948, the husband, Phillip Lynton, returned to London, England, and has lived there ever since. Subsequent to his departure for London, Mrs. Lynton and a woman friend rented an apartment in the Hotel Wyndham, New York City. Mrs. Lynton resided in this hotel until October, 1948. On September 20, 1948, a Deputy Marshal served Mrs. Lynton with a copy of the summons and complaint in this action and left another copy thereof with her for her husband, Phillip Lynton.

The present application brings up for review whether Phillip Lynton was properly served under our rules and pursuant to these facts. Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., reads as follows:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Bouvier defines abode as the place in which a person dwells. Earle v. McVeigh, 91 U.S. 503, page 508, 23 L.Ed. 398, in defining usual place of abode held:

" * * * the intention evidently is that the person against whom the notice is directed should then be living or have his home in the said house. * * * "

In support of the service of process, two cases have been cited, Rovinski v. Rowe, 6 Cir., 131 F.2d 687; and Skidmore v. Green, D.C.S.D.N.Y., 33 F.Supp. 529, 530. In both cases, service pursuant to Rule 4(d) (1) had been upheld. They are clearly distinguishable.

In the Rovinski case, service of process was effected by delivery to defendant's mother at a house in Menominee, Michigan, and the defendant testified that he always considered and held that place out as his home, that he kept some odds and ends there, and that there was always a bedroom ready for his occupancy when he returned home, and that he invariably occupied it.

In the Skidmore case, the facts indicate that the defendant was a retired New York policeman who spent most of his time traveling about the country in an automobile and trailer. The summons and complaint had been delivered to a sister-in-law at the home of defendant's brother in Kingston, New York, which in the application for his New York automobile license, the defendant gave as his address, indicating that this was his home. The court made this comment: " * * * so far as the migratory nature of his life permits of any place of abode or dwelling house, it is the house in Kingston, New York."

As to the defendant, Phillip Lynton, the Hotel Wyndham was not his usual place of abode or dwelling as contemplated

in Rule 4(d) (1) of the Federal Rules of Civil Procedure.

Service of the summons and complaint must, therefore, be quashed.