Stephen BORZEKA, Plaintiff-Appellant,

v.

Margaret O. HECKLER,* Secretary of Health and Human Services, Defendant-Appellee.

No. 83–1846.

United States Court of Appeals, Ninth Circuit.

Submitted May 17, 1984.

Decided Aug. 2, 1984.

---

* Secretary Margaret O. Heckler is substituted for her predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

Jeffrey N. Samuels, Stephen Borzekas, Las Vegas, Nev., for plaintiff-appellant.

Joseph Stein, Dept of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before CHOY, PREGERSON, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Plaintiff Stephen Borzeka appeals the district court's order granting the Secretary of Health and Human Services' motion to set aside a default judgment against her and to dismiss plaintiff's complaint for failure to comply with the technical requirements of service under Rules 4(d)(4) and (5) of the Federal Rules of Civil Procedure. We affirm the district court's order insofar as it sets aside the default judgment against the Secretary, but reverse insofar as it dismisses plaintiff's complaint for lack of proper service.

### FACTS

Appellant Stephen Borzeka was a recipient of disability insurance benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i), 423 (1976). On October 22, 1980, his status was reevaluated by the Secretary of Health and Human Services, and on May 26, 1981, he received notice that his benefits had been terminated for lack of disability. Appellant challenged the termination of his benefits, and the Secretary issued a final decision affirming the termination on July 20, 1982.

Appellant then commenced this suit against the Secretary under 42 U.S.C. § 405(g) (1976). He claimed that the Secretary's determination was not supported by substantial evidence, and raised other statutory and constitutional challenges to the termination of his benefits. His complaint was received and filed by the clerk of the district court on September 7, 1982. Be-

cause the Secretary had not responded to the complaint, the clerk of the district court entered a default judgment in plaintiff's favor on December 9.

The Secretary then moved to set aside the default judgment and to dismiss appellant's complaint. The Secretary argued that Rule 55(e) of the Federal Rules of Civil Procedure prohibited the entry of the default judgment and that the case should be dismissed because appellant failed to comply with Rule 4's requirements for service against the United States. The district court granted the Secretary's motion and dismissed the complaint.

We affirm the district court's conclusion that the default judgment should be set aside. However, we reverse the dismissal of the complaint.

### DISCUSSION

I. Entry of Default Judgment Against the Secretary.

■ Rule 55(e) of the Federal Rules of Civil Procedure provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence *satisfactory to the court.*" Fed.R.Civ.P. 55(e) (emphasis added). Appellant's request for a default judgment sets forth only that more than 60 days had elapsed since the Secretary's receipt of the complaint. Although appellant appended numerous documents to his complaint as exhibits, it is clear that the district court did not at any time consider whether appellant had submitted satisfactory evidence in support of his claim. The default judgment was entered by the clerk of the district court, who was performing a wholly ministerial act. Thus, the judgment included no findings by the district court regarding the merits of appellant's claim. Rule 55(e) plainly prohibits the entry of the default judgment entered here against the Secretary. *See Giampaoli v. Califano,* 628 F.2d 1190 (9th Cir.1980).

II. Dismissal for Lack of Proper Service.

■ Appellant also argues that dismissal of his complaint for failure to comply with the technical requirements of Rule 4(d) was improper in this case. The Secretary argues that failure to comply with the technical requirements of Rule 4(d)(5) always requires dismissal of the claims. We reject the Secretary's argument and hold that failure to comply with Rule 4(d)'s technical requirements is excusable under some circumstances.

Under Rule 4(d)(5), service of process upon an officer or agency of the United States is made "by serving the United States and sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Fed.R.Civ.P. 4(d)(5). The required service upon the United States is made

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States ... and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

Fed.R.Civ.P. 4(d)(4).

Appellant, who was handling the litigation *pro se,* complied with all of Rule (4)(d)'s requirements except the requirement that the summons and complaint be personally served on the United States Attorney in Las Vegas. He claims that he was "verbally advised by the lower court" that he could not deliver the summons and complaint himself and that the United States Marshal's office would not deliver the documents. Accordingly, he claims, he had the documents delivered the only way he knew how—he sent them by certified mail.

The Secretary admits that the United States Attorney received the complaint and summons by certified mail on September 14. Nevertheless, she ignored the complaint and acted only after the default mo-

tion was granted. She asserts, however, that appellant was given an opportunity to cure the defect in service, but elected not to do so. She argues that appellant cannot maintain this action because he failed to comply with the personal service requirement. In addition, she asserts that appellant cannot appeal the termination of his benefits by initiating a new suit and properly effecting personal service upon the United States Attorney because more than 60 days have elapsed since the Secretary's final decision and appellant is therefore time-barred under 42 U.S.C. § 405(g) (1976).

The Secretary argues that when Rule 4(d)(5)'s personal service requirement has not been complied with, dismissal of the complaint is always required. We reject the Secretary's argument.

We have not previously considered whether dismissal is always required when there has been a technical defect in service. We have stated, however, that the provisions of Rule 4 should be given a liberal and flexible construction. *See United Food & Commercial Workers Union Local 197 v. Alpha Beta Food Co.*, 736 F.2d 1371 (9th Cir.1984). Many other courts have made similar statements. *See, e.g., Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968); *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir.1963); *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942); *Insurance Co. of North America v. S/S "Hellenic Challenger"*, 88 F.R.D. 545 (S.D.N.Y.1980); *Nichols v. Surgitool, Inc.*, 419 F.Supp. 58 (W.D.N.Y.1976); *Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144 (D.Ariz.1970); *Adams Dairy Co. v. National Dairy Products Corp.*, 293 F.Supp. 1164 (W.D.Mo.1968); *Hysell v. Murray*, 28 F.R.D. 584 (D. Iowa 1961); *Frasca v. Eubank*, 24 F.R.D. 268 (E.D.Pa.

1959); *James v. Russell F. Davis, Inc.*, 163 F.Supp. 253 (N.D.Ind.1958); *Blane v. Young*, 10 F.R.D. 109 (N.D.Ohio 1950); *Leigh v. Lynton*, 9 F.R.D. 28 (E.D.N.Y. 1949); *Zuckerman v. McCulley*, 7 F.R.D. 739 (E.D.Mo.1948), *appeal dismissed*, 170 F.2d 1015 (8th Cir.1948).

With regard specifically to Rule 4(d)(4)'s personal service requirement, the District of Columbia Circuit has recently stated that

[w]here the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4(d)(4) so rigidly ... as to prevent relief from dismissal. This is especially true when dismissal signals the demise of all or some of the plaintiff's claims.

*Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982) (citations omitted).

We think that the exception the District of Columbia Circuit refers to is sensible and necessary to prevent serious miscarriages of justice. We therefore adopt the exception and hold that failure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.[1]

Appellant meets parts (a) and (b) of the test. His allegation that he received erroneous information from the "lower court" regarding service of process, if correct, would ordinarily be sufficient to meet part (c).[2] Finally, if the Secretary's conten-

---

**1.** Our holding is consistent with *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir.1982). That case involved the personal service requirement of Rule 4(a). We stated that "actual notice ... will [not] subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." 682 F.2d at 1347. If a party

falls within the exception we recognize today, he has complied substantially with Rule 4(d)(5).

**2.** Here, the district court should consider two additional factors. First, the Secretary contends that appellant elected not to cure the defect in service after the defect was pointed out to him. Second, appellant was proceeding *pro*

tion that the claim is now time-barred is correct, appellant would meet part (d) as well.[3] Accordingly, we reverse the district court's order and remand the case for a determination of whether appellant's failure to comply with Rule 4(d)(5)'s personal service requirement should be excused under the standard we adopt.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

*se* when the defective service was made. We are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved.

**3.** We note that section 405(g)'s 60-day limitation is subject to equitable tolling. *See Lopez v. Heckler,* 725 F.2d 1489, 1505 (9th Cir.), *stayed in part,* 44 CCH S.Ct. Bull P. at B2431, (April 30, 1984). As a general rule, a defendant will be estopped from setting up a statute-of-limitations defense if he "has previously, by deception or any violation of a duty toward plaintiff, caused him to subject his claim to the statutory bar."

53 C.J.S. *Limitations of Actions* § 25 (1948 & Supp. 1983) (citing cases). Even a defendant's silence may, under some circumstances, estop him from relying on the statute of limitations. *Id.* Thus, if the court finds that the Secretary's decision to wait in silence until appellant's period for commencing his claim had elapsed estops her from relying on a time bar, the court should deem the period for commencing the claim tolled. In that case, if the complaint were dismissed, plaintiff would be free to file again. We leave it to the district court to determine whether such an exercise would be necessary.