10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel LENTZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Nov. 12, 1993.
 
 1
 Before: HALL, RYMER, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Daniel Lentz appeals from an order dismissing his action arising under the Federal Tort Claims Act for insufficient service of process as required by Federal Rule of Civil Procedure 4(j). Lentz contends that the 4(j) requirements were satisfied pursuant to Local Rule 3.8.4 for the United States District Court, Central District of California. In the alternative, Lentz argues that Local Rule 3.8.4 established good cause such excusing him from the requirements of 4(j). We affirm.
 
 I.
 
 4
 Lentz initially argues that he satisfied the requirements imposed by Fed.R.Civ.P 4(d)(4) and 4(j)[1] as the United States was served on August 28, 1991, pursuant to Local Rule 3.8.4.[2] We reject this argument. The plain language of 4(d)(4) clearly sets out the acceptable method of serving the United States in all civil suits. A copy of the summons and complaint must be sent to the Attorney General by registered or certified mail. The rule does not mention alternative methods of meeting its requirements.
 
 
 5
 Here, Lentz did not serve the Attorney General in the specified manner until September, 23, 1991, 133 days after the original complaint was filed. Allowing Lentz to satisfy the requirements of 4(d)(4) and 4(j) pursuant to Local Rule 3.8.4 would conflict with the unambiguous words of the statute.[3]
 
 II.
 
 6
 Lentz also argues that the existence of Local Rule 3.8.4 established good cause thereby excusing him from the requirements imposed by 4(d)(4) and 4(j). The time limits imposed by 4(j) are not applicable if the plaintiff can show "good cause" why service was not made within the required time period. Further, in Borzeka v. Heckler, 739 F.2d 444 (9th Cir.1984), the Ninth Circuit held that a plaintiff's failure to comply with the technical requirements of 4(d)(4) did not warrant dismissal where:
 
 
 7
 (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service (c) there is a justifiable excuse for a failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.
 
 
 8
 Id. at 447.
 
 
 9
 Applying the Borzeka test here, it seems that prongs (a), (b), and (d) are all met. The U.S. Attorney was personally served the summons and complaint and thus received actual notice. It does not appear that the United States would suffer prejudice from the defect in service as the U.S. Attorney had been conducting a defense from the outset. Further, Lentz would be prejudiced as a dismissal would leave him only with a possible claim against his attorney for negligence.
 
 
 10
 However, we find that the existence of Local Rule 3.8.4 is insufficient to create "good cause" under 4(j) or "justifiable excuse" under prong (c) of Borzeka.[4] This is not a situation like Borzeka where the district court allegedly gave appellant patently incorrect advice. Rather, this appears to be a case where Lentz's attorney engaged in an ill fated exercise of statutory interpretation. He mistakenly believed that Local Rule 3.8.4 superseded 4(d)(4). Absent egregious circumstances, litigants are bound by the conduct of their attorneys. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985).
 
 
 11
 The trial court's decision to dismiss Lentz's action is supported by two additional factors the Borzeka court stated should be considered in determining if "good faith" or "justifiable excuse" exists. First, unlike the appellant in Borzeka, Lentz was represented by counsel and thus is not entitled to the more forgiving posture traditionally afforded pro se litigants.
 
 
 12
 Second, the United States informed Lentz in two different documents that he had failed to serve process pursuant to 4(d)(4). The first warning was in a cover letter dated July 25, 1991, the second was in the Answer the United States provided on July 26, 1991. The presence of these warnings supports the United States' argument that no good cause or justifiable excuse existed for missing the 120 day deadline. See Hart v. United States, 817 F.2d 78, 80 (9th Cir.1987).
 
 
 13
 We AFFIRM.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 4(j) requires that, absent a showing of good cause, service of the summons and complaint be made within 120 days after the filing of the complaint
 
 
 [2]
 Local Rule 3.8.4. states in pertinent part:
 An amended pleading allowed by order of the Court shall be deemed to be served upon the parties who have previously appeared on the date the motion to amend is granted or the stipulation therefor is approved.
 
 
 [3]
 Because we find that Lentz was not relieved of his statutory duties under 4(d)(4) and 4(j) even if he met the requirements of Local Rule 3.8.4, the parties arguments regarding the precise scope of the Local Rule need not be addressed
 
 
 [4]
 Lentz also argues that he justifiably relied on a proof of service signed by a registered process server stating that 4(d) had been complied with. This argument is without merit as reliance on an attorney service or private process server does not constitute "good cause". See Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991); Baxter v. United States, 817 F.2d 238, 242 (3rd. Cir.1987)