15 F.3d 1095
 73 A.F.T.R.2d 94-762
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa ZAMORA, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 92-56618.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Zamora appeals pro se the district court's dismissal of her action against the United States for wrongful levy of property of a third party under 26 U.S.C. Sec. 7426. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We construe the district court's order as a dismissal under Fed.R.Civ.P. 12(b)(5) for failure to comply with the service of process requirements of Fed.R.Civ.P. 4(d)(4), and review for an abuse of discretion. Hart v. United States, 817 F.2d 78, 81 (9th Cir.1987).
 
 
 4
 Rule 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. See Fed.R.Civ.P. 12(b)(5). Under Rule 4(d)(4), a party seeking to serve the United States must serve a copy of the summons and complaint (1) personally to the United States attorney for the district in which the action is brought and (2) by certified or registered mail to the United States Attorney General. Fed.R.Civ.P. 4(d)(4). If proper service under Rule 4(d)(4) is not accomplished within 120 days after the complaint is filed and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. See Fed.R.Civ.P. 4(j); Hart, 817 F.2d at 80-81.
 
 
 5
 In this circuit, to avoid the harsh results of Rule 4(j), dismissals due to technical noncompliance with Rule 4(d)(4) may be excused if (1) the party to be served personally received notice, (2) the defendant would suffer no prejudice from the service defect, (3) there is justifiable excuse or good cause for the failure to serve properly,[1] and (4) the plaintiff would be severely prejudiced if his complaint was dismissed. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984). If good cause is not shown, dismissal is mandatory even where the dismissal eliminates the plaintiff's cause of action. See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985).
 
 
 6
 Here, the government moved to dismiss Zamora's complaint for insufficiency of service of process under Rule 12(b)(5) alleging that although Zamora had served personally the proper U.S. attorney, she failed to serve the Attorney General as required by Rule 4(d)(4). See Fed.R.Civ.P. 4(d)(4), 12(b)(5). In opposition to the government's motion, Zamora alleged that service of the Attorney General had been obtained and attached a proof of service by "first class mail" dated September 1, 1992. Because her allegations and the proof of service do not indicate that service was made by registered or certified mail, however, Zamora failed to comply with Rule 4(d)(4). See Fed.R.Civ.P. 4(d)(4). Moreover, Zamora's failure to comply with Rule 4(d)(4) is not excused under the four-part Borzeka test. See Borzeka, 739 F.2d at 447. Although Zamora appears to have satisfied parts 1, 2, and 4,[2] she failed to meet part 3 of the Borzeka test because in her opposition to the government's motion to dismiss, she provided no excuse for her failure to comply with Rule 4(d)(4). See id. Zamora's failure to serve properly or provide an explanation for the failure can only be attributed to inadvertent error or ignorance of the governing rules, neither of which constitute good cause. See Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987); Wei, 763 F.2d at 372. Thus, because Zamora failed to serve properly the Attorney General within the 120-day period or to provide good cause for the failure, the district court correctly dismissed Zamora's action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Justifiable excuse" and "good cause" have been treated by this court as interchangeable terms of art. See Whale v. United States, 792 F.2d 951, 953 (9th Cir.1986)
 
 
 [2]
 Zamora seems to have satisfied parts 1, 2, and 4 of the Borzeka test because (1) the party to be served personally, the U.S. attorney, received service within the 120 days, (2) the United States was not prejudiced by the technical noncompliance as all parties to the suit had actual knowledge of it, and (3) Zamora would be severely prejudiced by dismissal because of the 120-day statute of limitations. See Borzeka, 739 F.2d at 447