Cottrell HEARST, Plaintiff–Appellant,

v.

Togo D. WEST, Jr., Secretary; United States Department of Veterans Affairs, Long Beach, et al., Defendants–Appellees.

No. 00–56178.

D.C. No. CV 99–03889 RSWL (SHx).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Feb. 15, 2002.

Before FERGUSON, T.G. NELSON, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Appellant Cottrell Hearst ("Hearst") appeals the dismissal of his action for lack of prosecution. Hearst claims that the District Court abused its discretion by dismissing the action with prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

### BACKGROUND

On April 12, 1999, Hearst brought this employment discrimination action against the United States; Secretary Togo D. West, Jr. ("Secretary West") of the United States Department of Veterans Affairs ("VA"); and the Long Beach office of the VA (collectively referred to as the "Government" or "defendants") in District Court. On July 15, 1999, the District Court issued an order to show cause why the case should not be dismissed for lack of prosecution. On July 26, 1999, Hearst served a copy of the complaint and summons on Secretary West. On November 2, 1999, the District Court issued another order to show cause why the case should not be dismissed for lack of prosecution. Hearst retained counsel following the issuance of the second order to show cause. On December 9, 1999, he served the United States Attorney General's Office in both Washington, DC, and Los Angeles, CA, thus effecting service on all the defendants well after the 120 days set forth in Rules 4(i)(1) and 4(m) of the Federal Rules of Civil Procedure.

On December 21, 1999, Hearst filed a complaint in a second action, No. 99–CV–13358 ("13558"), which was based on the same facts presented in this case, No. 99–CV–03889 ("03889"). On February 14, 2000, the District Court entered an order, pursuant to the parties' stipulation, extending the Government's time for response in this case (03889) to March 31, 2001, because the response in the second action (13358) was due on that day.

On March 31, 2000, the Government filed motions to dismiss both cases based on lack of subject matter jurisdiction, insufficiency of process, insufficiency of service of process, failure to state a claim, and failure to exhaust administrative remedies. After a hearing, the District Court granted the Government's motion to dismiss this case (03889) with prejudice, finding that Hearst failed both to effect service on the Government within 120 days and to demonstrate good cause to excuse the delay. The District Court also granted the Government's motion to dismiss the second case (13358) for failure to state a claim and for a lack of subject matter jurisdiction. However, the second case (13358) was dismissed without prejudice and with leave to amend the complaint within 30 days.[1] Hearst then filed a timely appeal in the first case (03889).

### ANALYSIS

Hearst contends that the District Court improperly dismissed his claims against

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Hearst filed an amended complaint in the second action (13358). However, pursuant to the parties' stipulation, the District Court entered an order dismissing the second case without prejudice on October 20, 2000.

the Government pursuant to Rule 4(m) for failure to serve the summons and complaint within 120 days.[2] We review the dismissal of a complaint for failure to timely serve summons and complaint for abuse of discretion. *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994).

Rule 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for an appropriate period.

Fed.R.Civ.P. 4(m). Rule 4(m) contains both a mandatory and a discretionary component. If a plaintiff shows good cause for the defective service, the district court must extend the time period for service. *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.2001). Nevertheless, even if the plaintiff fails to show good cause, the district court has "the discretion to dismiss without prejudice or extend the time period." *Id.* (citing *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir.1995)).

Hearst failed to effect service on any of the defendants within the 120 days man-

dated by Rule 4(m).[3] Because none of the defendants was properly served within 120 days, the District Court dismissed the case under Rule 4(m). Hearst contends that the District Court abused its discretion by refusing to grant relief under either the mandatory or the discretionary part of Rule 4(m).

## A. Good Cause Under Rule 4(m)

■ Hearst asserts that he had good cause for untimely service because the Government allegedly misrepresented where and upon whom service should be made. He contends that the human resources manager at the Long Beach VA office informed him that service upon Secretary West would be sufficient. Hearst also argues that he had good cause because he was originally a *pro se* litigant.

■ A defendant's affirmative actions, which frustrate service, may constitute good cause for failure to effect timely service, especially where the plaintiff is proceeding *pro se. Williams–Guice v. Board of Educ.,* 45 F.3d 161, 164 (7th Cir.1995); *McGuckin v. Smith,* 974 F.2d 1050, 1058 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1135 (9th Cir.1997). However, Hearst has failed to substantiate his bare allegation that the Government made mis-

---

**2.** Hearst also claims that the Government made a binding promise to file an answer, and not a motion to dismiss, in exchange for a stipulated extension of time to respond. This argument is without merit. It misconstrues the meaning of the word "answer" in this context. Further, the record, including the stipulation for an extension of time, indicates that Hearst was aware of the Government's intention to file a motion to dismiss.

**3.** In order to effect service upon the United States, a plaintiff must deliver or send a copy of the summons and complaint to the Attorney General of the United States in Washington, DC and the United States Attorney or his

staff in the district where the action is brought. Fed.R.Civ.P. 4(i)(1). In addition, if an agency or its employees are being sued in their official capacity, the plaintiff must deliver or send a copy of the summons and complaint to the agency or its employees, as well as fulfill the requirements under Rule 4(i)(1). Fed.R.Civ.P. 4(i)(2)(A). Thus, Hearst's service on Secretary West alone was insufficient to fulfill the requirements for effecting service on either Secretary West or the VA under Rule 4(i)(2)(A). In addition, service on Secretary West was irrelevant to service with respect to the United States.

representations. Hearst did not provide an affidavit, declaration, or testimony at the District Court hearing regarding this conversation. Further, the mere fact that Hearst was *pro se* does not constitute good cause. *Walker*, 14 F.3d at 1422. Thus, the District Court did not abuse its discretion in finding that Hearst failed to show good cause for his delay in effecting service.

## B. Discretion Under Rule 4(m)

Hearst argues that the District Court abused its discretion by failing to provide relief from the 120 day service requirement. A district court has "discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513 (citing *Petrucelli*, 46 F.3d at 1305). This Circuit has "not addressed what factors a court should consider when deciding to exercise its discretion." *Id.* (citation omitted). However, the Circuit has noted that the district court's discretion is broad. *Id.* (citation omitted).

■ Hearst presents two arguments as to why the District Court erred in not exercising its discretion under Rule 4(m). First, Hearst contends that the District Court failed to consider whether to exercise its discretion under Rule 4(m). In particular, Hearst contends that the District Court should have granted discretionary relief under Rule 4(m) for the following reasons: (1) the statute of limitations barred refiling of the action upon dismissal; (2) the Government would not suffer prejudice from the delay; and (3) the Government evaded service.

None of Hearst's reasons is persuasive. Although the statute of limitations barred refiling of the present action (03889),

Hearst had a practically identical action (13358) pending against the Government in the same court in which he perfected service. The second suit remained viable because the District Court gave Hearst leave to amend the complaint, which he did. Further, although the Government suffered little prejudice from the delay, it would have continued expending resources and time on a duplicative suit. Finally, Hearst's allegation that the Government evaded service by misrepresenting to him that Secretary West was the only person whom he needed to serve is unconvincing. As discussed earlier, Hearst provides no substantiation of this conversation. Thus, the facts of this case do not mandate the exercise of discretion to extend the service period, especially in light of the broad discretion granted to the District Court. *See In re Sheehan*, 253 F.3d at 513.

■ Second, Hearst argues that the District Court should have granted Rule 4(m) discretionary relief because he fulfilled the requirements set forth in *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). In *Borzeka*, this Circuit adopted a substantial compliance exception to the then-strict mandate of Rule 4(m).[4] *Id.* This Circuit held that, in order to prove substantial compliance, the plaintiff must show that:

> (a) the party that had to be served personally received actual notice [within 120 days], (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Id.* (adopting *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982)).

Hearst cannot fulfill this standard. First, based on the record, it is unclear

---

4. *Borzeka* was decided prior to the passage of the 1993 amendments to Rule 4(m).

when the United States Attorney General's Office had actual notice of the suit.[5] Second, there does not appear to be a justifiable excuse for Hearst's failure to properly serve the Government. As discussed earlier, Hearst provides no substantiation of the alleged misrepresentation by the human resources manager at the VA. Third, Hearst was not severely prejudiced by the dismissal of his complaint because his second case (13358) remained viable until he chose to voluntarily dismiss the case on October 20, 2000. Thus, the District Court did not abuse its discretion by failing to grant relief under the test set forth in *Borzeka.*

## CONCLUSION

The District Court did not err in granting the Government's motion to dismiss based on the failure to timely serve under Rule 4(m) because Hearst has failed to demonstrate good cause or allege facts warranting discretionary relief.

AFFIRMED.

---

5. Hearst relies on a September 1999 phone call between Evan Stein (Regional Counsel for the VA) and Hearst's attorney. The parties disagree as to what was said during this call. In his declaration, Hearst's attorney indicates that the United States Attorney General's Office had notice when this call occurred. In his declaration, Stein states that, during the September 1999 conversation, he told Hearst's attorney that he had received a copy of the *pro se* filing from the General

Counsel for the VA, not the United States Attorney General's Office.

