**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MAY 4, 2023

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MAY 4, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KENMORE MHP LLC; JIM PERKINS; and KENMORE VILLAGE MHP, LLC, | ) ) ) | |
| Petitioners, | ) ) | No. 100934-8 |
| v. | ) ) | |
| CITY OF KENMORE, | ) ) | En Banc |
| Respondent, | ) ) | |
| ENVIRONMENTAL LAND USE HEARINGS OFFICE; and the GROWTH MANAGEMENT HEARINGS BOARD FOR THE CENTRAL PUGET SOUND REGION, | ) ) ) ) | Filed: May 4, 2023 |
| Defendants. | ) ) | |

MADSEN, J.—Under Washington's statutes governing review by the Growth Management Hearings Board (Board), "[a]ll petitions relating to whether or not an adopted comprehensive plan . . . is in compliance with the goals . . . of this chapter . . . must be filed within *sixty days* after publication." RCW 36.70A.290(2) (emphasis

No. 100934-8

added). The Board promulgated regulations that control the service of a petition for review.

> A copy of the petition for review shall be served upon the named respondent(s) and must be received by the respondent(s) on or before the date filed with the board. Service of the petition for review may be by mail, personal service, or a commercial parcel delivery service, so long as the petition is received by respondent on or before the date filed with the board.

WAC 242-03-230(2)(a).

The regulation further provides that "[t]he board may dismiss a case for failure to substantially comply with this section." WAC 242-03-230(4). In a split decision, the Board ruled that Kenmore MHP LLC (MHP) did not substantially comply with the service requirements of WAC 242-03-230(2)(a) and dismissed the appeal.

This case requires that we determine whether the Board's decision to dismiss a timely petition for review is arbitrary and capricious when it found that the petitioner did not substantially comply with the service requirements under WAC 242-03-230(2)(a) without considering prejudice. The City of Kenmore (City) argued and the Court of Appeals held that the Board's interpretation of substantial compliance derived from *Your Snoqualmie Valley v. City of Snoqualmie*, No. 11-3-0012 (Cent. Puget Sound Growth Mgmt. Hr'gs Bd. Mar. 8, 2012 (Ord. on Mots.)), is entitled to deference, that the definition does not require a finding of prejudice, and that the Board's application of the test for substantial compliance to the facts in this case was not an abuse of discretion.

We hold that the Board's erroneous interpretation and application of the substantial compliance standard articulated in the prior Board decision constituted

2

No. 100934-8

arbitrary and capricious action and that the petitioners substantially complied with the service requirements. We reverse the Court of Appeals.

FACTS

The City's Comprehensive Plan and Amendments

In 2018, the City adopted and published Ordinance No. 18-0476 (Ordinance 1). Ordinance 1 amended several of the City's comprehensive plans. In particular, Ordinance 1 amended the "Kenmore Land Use Plan," which redesignated MHP's properties for redevelopment to facilitate the City's plans for a lively downtown community. The City did not receive an appeal for Ordinance 1, and the ordinance became final and valid.

On April 15, 2019, the Kenmore City Council adopted Ordinance No. 19-0481 (Ordinance 2). That ordinance implemented and aligned the City's zoning code with the amendments under Ordinance 1. Three days later, on April 18, 2019, Ordinance 2 was published.

MHP's Petition for Review and the Board's Summary Judgment Dismissal

On Friday, June 14, 2019, MHP challenged Ordinance 2 and filed a petition for review with the Board under RCW 36.70A.290(2). That same day, MHP electronically filed its petition for review with the Board at 2:37 PM and attempted to physically serve the City through a legal messenger as required under WAC 242-03-230(2). Due to traffic conditions, MHP's legal messenger failed to deliver the petition to the City.

No. 100934-8

Consequently, the City received service of MHP's petition the following business day on Monday, June 17, 2019. Monday was the 60th day following publication.

The City filed a motion for summary judgment to dismiss MHP's petition for review with the Board. The City argued that MHP failed to comply with the Board's service requirements under WAC 242-03-230(2)(a), which is a cause for dismissal, unless MHP can demonstrate that it substantially complied with the regulation. The City argued that the Board should apply the substantial compliance test under *Your Snoqualmie Valley*. Under that test, the Board concluded that MHP failed to substantially comply with WAC 242-03-230 and granted the City's motion for summary judgment dismissing MHP's petition for review.

Superior Court Order and Court of Appeals' Decision

MHP sought judicial review of the Board's dismissal in Thurston County Superior Court. The superior court reversed, ruling that prejudice must be the central factor when considering whether to dismiss a petition for review for a purported lack of substantial compliance with service requirements and finding the Board's action arbitrary and capricious. The City appealed, and the Court of Appeals, Division Two, in its published decision, upheld the Board's decision. *Kenmore MHP LLC v. City of Kenmore*, 21 Wn. App. 2d 1, 25, 504 P.3d 237, *review granted*, 200 Wn.2d 1001, 516 P.3d 385 (2022). Among other things, the court held that the Board's interpretation of its regulations was entitled to deference; that the Board's decision to apply the test for substantial compliance from *Your Snoqualmie Valley* was reasonable; that the test, which was

4

No. 100934-8

derived from *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984), is not a balancing test; and that the Board's dismissal based on the test was not arbitrary and capricious.

ANALYSIS

General Legal Principles

Washington's Administrative Procedure Act (APA), ch. 34.05 RCW, governs our review of the Board's decisions. RCW 34.05.570(3); *see also Clark County v. Growth Mgmt. Hr'gs Bd.*, 10 Wn. App. 2d 84, 100-01, 448 P.3d 81 (2019), *review denied sub nom Clark County Citizens United, Inc. v. Growth Mgmt. Hr'gs Bd.*, 194 Wn.2d 1021 (2020). Reviewing courts consider the record before the board and sit in the same position as the superior court. *Concrete Nor'West v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 185 Wn. App. 745, 751, 342 P.3d 351 (2015). We review a board's legal conclusions de novo, but we grant "substantial weight to the Board's interpretation of the [Growth Management Act]." *Whatcom County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 186 Wn.2d 648, 667, 381 P.3d 1 (2016); *see also* ch. 36.70A RCW. "'An agency acting within the ambit of its administrative functions normally is best qualified to interpret its own rules, and its interpretation is entitled to considerable deference by the courts.'" *D.W. Close Co. v. Dep't of Lab. & Indus.*, 143 Wn. App. 118, 129, 177 P.3d 143 (2008) (quoting *Pac. Wire Works, Inc. v. Dep't of Lab. & Indus.*, 49 Wn. App. 229, 236, 742 P.2d 168 (1987)). We uphold an agency's interpretation of ambiguous regulatory language as long as the agency's interpretation is plausible and consistent with the legislative intent. *Alpine Lakes Prot. Soc'y v. Dep't of Nat. Res.*, 102 Wn. App. 1, 14, 979 P.2d 929 (1999).

5

No. 100934-8

The burden is on the challenging party to demonstrate that a board's decision is improper. *Clark County*, 10 Wn. App. 2d at 99.

When a statute or regulation provides that a matter may be dismissed for failure to substantially comply with the service requirements, we review that decision for abuse of discretion. *Spokane County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 173 Wn. App. 310, 323-24, 293 P.3d 1248 (2013); *see also Whatcom County*, 186 Wn.2d at 694. "An agency abuses its discretion when it exercises its discretion in an arbitrary and capricious manner." *Conway v. Dep't of Soc. & Health Servs.*, 131 Wn. App. 406, 419, 120 P.3d 130 (2005). An agency's decision is arbitrary and capricious if it is "'willful and unreasoning and taken without regard to the attending facts or circumstances.'" *Whidbey Envt'l Action Network v. Growth Mgmt. Hr'gs Bd.*, 14 Wn. App. 2d 514, 526, 471 P.3d 960 (2020) (internal quotation marks omitted) (quoting *PacifiCorp v. Wash. Utils. & Transp. Comm'n*, 194 Wn. App. 571, 587, 376 P.3d 389 (2016)).

Under RCW 34.05.570(3)(a)-(d), (i), a court grants relief from an agency order in an adjudicative proceeding if it determines that the order is in violation of constitutional provisions on its face or as applied; the order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law; the agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure; the agency has erroneously interpreted or applied the law; or the order is arbitrary and capricious.

6

No. 100934-8

Deference to the Board's Interpretation of Substantial Compliance

In pertinent part, RCW 36.70A.270(7) provides that "[a]ll proceedings before the board . . . shall be conducted in accordance with such administrative rules of practice and procedure as the board prescribes. The board shall develop and adopt rules . . . regarding expeditious and summary disposition of appeals . . . . The board shall publish such rules it renders and arrange for the reasonable distribution of the rules."

The City asserts the Board's interpretation of substantial compliance is entitled to deference because the state legislature expressly granted the Board authority to develop its own rules to accomplish its decision-making functions. The Court of Appeals agreed. Further, the court determined that the Board's interpretation of substantial compliance is entitled to deference because the term is ambiguous and because "[a] review of various regulatory and statutory schemes shows that there is more than one reasonable interpretation of the term." *Kenmore MHP*, 21 Wn. App. 2d at 13. The court reasoned that "[v]arious regulations and statutes define [substantial compliance] in ways specific to their purview." *Id.* For example, the court noted that the Department of Social and Health Services, the Professional Educator Standards Board, the Housing Finance Commission, and the Department of Labor and Industries are different agencies that each define substantial compliance as it relates to its own regulations and respective agency. *See generally id.* at 13-15.

We agree with the Court of Appeals that the Board is authorized to prescribe rules of practice and procedure and that the term "substantial compliance" is ambiguous

7

No. 100934-8

because it has been defined differently by various agencies in relation to the agency's own regulations. However, whether to accord deference to an agency's interpretation of an ambiguous regulation depends on whether the agency's interpretation is plausible and consistent with the legislative intent. *Alpine Lakes*, 102 Wn. App at 14.

Substantial Compliance Test Adopted in *Your Snoqualmie Valley*

MHP argues that absent a showing of prejudice, dismissal of a petition for review for failure to comply with service requirements is not warranted. In response, the City contends the Board has never required prejudice as a prerequisite for dismissal of a petition for review. Instead, the City argues that lack of a justifiable excuse alone supports dismissal of a petition for review under the substantial compliance test established in *Your Snoqualmie Valley*.

In its ruling dismissing the petition in this case, the Board purported to apply the test for substantial compliance adopted in *Your Snoqualmie Valley*. To determine whether the Board's interpretation of substantial compliance is plausible and consistent with legislative intent, it is first necessary to determine what test was announced in the *Your Snoqualmie Valley* board order.

In that board ruling, Your Snoqualmie Valley[1] opposed the city of Snoqualmie's actions to annex a portion of Your Snoqualmie Valley's property for commercial and business purposes. *Your Snoqualmie Valley*, No. 11-3-0012, at 1. The city of

---

[1] Your Snoqualmie Valley, as a petitioner, includes the following entity and people: Your Snoqualmie Valley, Dave Eiffert, Warren Rose, and Erin Ericson.

8

No. 100934-8

Snoqualmie's preannexation plan to rezone was adopted as Ordinance No. 1086, and approval of the preannexation agreement was adopted by Resolution 1115.[2] *Id.* at 2.

Your Snoqualmie Valley challenged the city of Snoqualmie's adoption of the ordinance, and the city of Snoqualmie moved to dismiss the petition for review. *Id.* The city of Snoqualmie argued that Your Snoqualmie Valley's petition for review was untimely and improper because it violated WAC 242-03-230. *Id.* In response, Your Snoqualmie Valley asserted that it substantially complied with the service requirements under the regulation. *Id.* The Board determined that because Your Snoqualmie Valley had a justifiable excuse as to why service was delayed, it substantially complied with the service requirement under WAC 242-03-230. The Board consequently denied the city of Snoqualmie's motion to dismiss Your Snoqualmie Valley's petition for ineffective service. *Id.* at 6.

In support of its reasoning, the Board in *Your Snoqualmie Valley* cited a test from the federal court as instructive to determine substantial compliance with WAC 242-03-230. *Your Snoqualmie Valley*, No. 11-3-0012, at 5 (quoting *S.J. v. Issaquah Sch. Dist. No. 411*, No. C04-1926RSL, 2007 WL 764916, at *2, 2007 U.S. Dist. LEXIS 17001, at *6-7 (W.D. Wash. Mar. 8, 2007) (court order); *Borzeka*, 739 F.2d at 447).

---

[2] Resolution 1115 authorized the mayor of Snoqualmie to enter into a preannexation agreement with certain property owners and entities. For purposes of our discussion, Resolution 1115 is not relevant and will not be discussed.

9

No. 100934-8

In *Borzeka*, the Ninth Circuit Court of Appeals adopted a test for substantial compliance under Rule 4(d) of the Federal Rules of Civil Procedure. *See generally* 739 F.2d at 446-48. Rule 4(d) required the plaintiff to effectuate service

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States . . . and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

*Id*. at 446 (alteration in original) (quoting Fed. R. Civ. P. 4(d)(4)).

Stephen Borzeka, the petitioner, failed to *personally* serve a copy of the summons and complaint on the United States Attorney in Las Vegas. *Id.* Borzeka claimed that the lower court advised him that he could not personally deliver the summons and complaint. *Id.* Borzeka thus sent the summons and complaint by certified mail, which the Secretary of Health and Human Services received on September 14. *Id.*

Despite receiving the summons and complaint, the Secretary of Health and Human Services argued that dismissal of a complaint is *always* required when personal service requirements have not been complied with. *Id.* at 447. The Ninth Circuit reasoned that courts must consider prejudice when determining whether to dismiss a claim based on technical noncompliance with a procedural service rule. *Id.* at 447-48.

> "[W]here the necessary parties in the government have actual notice of a suit, *suffer no prejudice* from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4(d)(4) so rigidly . . . as to prevent relief from dismissal. This is especially true when dismissal signals the demise of all or some of the plaintiff's claims."

No. 100934-8

*Id*. at 447 (emphasis added) (second alteration in original) (quoting *Jordan v. United States*, 224 U.S. App. D.C. 267, 694 F.2d 833, 836 (1982)). The Ninth Circuit adopted this exception from the District of Columbia Circuit as "necessary to prevent serious miscarriages of justice." *Id*. With this exception, the court in *Borzeka* established the four-part test discussed in *Your Snoqualmie Valley.*

> We therefore *adopt the exception* and hold that failure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Id.* (emphasis added).

In addition to looking to the federal case law, the Board in *Your Snoqualmie Valley* also cited a decision from this court, *Continental Sports Corp. v. Department of Labor and Industries*, 128 Wn.2d 594, 602-04, 910 P.2d 1284 (1996).

In *Continental Sports*, the Department of Labor and Industries (L&I) issued a notice and order of assessment to Continental on March 19, 1990. *Id.* at 596. That notice stated, in part, that "'any appeal . . . must be made within thirty days of the date of service by filing an appeal with the Board of Industrial Insurance Appeals and sending a copy of said appeal to the Director of the Department of Labor and Industries, by mail or personal delivery, pursuant to RCW 51.48.131.'" *Id.* (alteration in original ) (quoting court papers).

11

No. 100934-8

On the 30th day, Continental's vice-president delivered the notice of appeal to L&I and the Board of Industrial Insurance Appeals by Federal Express's overnight service. *Id.* Federal Express delivered Continental's notice of appeal to the Board of Insurance Appeals 31 days after Continental received the notice and order of assessment. *Id.* at 596-97. The Board of Industrial Insurance Appeals dismissed the appeal, concluding that Continental's notice of appeal was not timely. *Id.* at 597.

On appeal to this court, the issues were (1) whether a notice of appeal is timely filed when it is sent by a private delivery service, such as Federal Express, and (2) whether Continental substantially complied with RCW 51.48.131. *Id.* at 597, 602.

In resolving the first issue, the court determined that "postal matter delivered by Federal Express is not mail for the purposes of RCW 51.48.131." *Id.* at 602.[3]

The court then decided whether Continental substantially complied with RCW 51.48.131 even though its "notice of appeal was not *technically* sent to the Board [of Industrial Insurance Appeals] 'by mail.'" *Id.* (emphasis added). The court concluded that Continental substantially complied with the requirements under RCW 51.48.131 because L&I "was *in as good a position as it would have been* had the notice of appeal been sent to the Board 'by mail'" when it sent its notice of appeal by Federal Express. *Id.* at 604 (emphasis added). The Board in *Your Snoqualmie Valley* quoted this language in its analysis. *Your Snoqualmie Valley*, No. 11-3-0012, at 6.

---

[3] The court's analysis of whether service by Federal Express constitutes service "by mail" is not relevant for purposes of our discussion as to substantial compliance.

No. 100934-8

Relying on federal case law and *Continental Sports*, the Board in *Your Snoqualmie Valley* concluded that Your Snoqualmie Valley substantially complied with the filing requirements because they made "reasonable and diligent effort to effect personal service." *Id.*

Considering the cases on which the test announced in *Your Snoqualmie Valley* is based, we conclude the Board adopted a balancing test that considers the four factors adopted in *Borzeka*, giving great weight to whether a party suffered prejudice. In other words, whether a party "was in as good a position as it would have been" had service requirements been strictly complied with. *Cont'l Sports*, 128 Wn.2d at 604. Thus, prejudice must be considered when determining substantial compliance under the test adopted by *Your Snoqualmie Valley*.

Lending weight to the conclusion that prejudice is a factor that must be considered, prior board decisions also required a showing of prejudice. *See Cove Heights Condo. Ass'n v. Chelan County*, No. 08-1-0013, at 3, 2008 WL 4618390, at *2 (E. Wash. Growth Mgmt. Hr'gs Bd. Sept. 3, 2008) ("[A] motion to dismiss will be denied when the jurisdiction does not demonstrate any prejudice from the failure to properly serve."); *see also Humphrey v. Douglas County*, No. 07-1-0010, at 3, 2007 WL 4117921, at *2 (E. Wash. Growth Mgmt. Hr'gs Bd. Sept. 21, 2007) ("Where the jurisdiction does not demonstrate any prejudice from the failure to serve the [petition for review] on it, a motion to dismiss will be denied."); *Achen v. Clark County*, No. 95-2-0067, at 3, 1995 WL 903178, *2 (W. Wash. Growth Mgmt. Hr'gs Bd. Sept. 20, 1995) ("[W]e decline[] to

13

No. 100934-8

dismiss any of the cases under the provision of WAC 242-02-230, since there was no showing of prejudice to the County.").

Further, after the decision in *Your Snoqualmie Valley*, the Board reaffirmed prejudice from improper service as a key prerequisite in determining dismissal of a petition for review. *See City of Port Orchard v. Kitsap County*, No. 16-3-0012, at 3, 2016 WL 6993679, at \*2 (Cent. Puget Sound Growth Mgmt. Hr'gs Bd. Nov. 14, 2016) ("[T]he Board finds that . . . the city substantially complied with the Board's rules for service and that the County has not been prejudiced by any technical errors in service.").

We conclude that the test for substantial compliance announced in *Your Snoqualmie Valley* is a balancing test that considers prejudice and favors decisions on the merits.

Application of the Test for Substantial Compliance in *Your Snoqualmie Valley*

According to the Board here, the test in *Your Snoqualmie Valley* requires that each prong of the four-part test adopted in *Borzeka* must be met and that a finding of prejudice is not required. The Board also ruled that MHP failed to substantially comply with the service requirements under WAC 242-03-230 because MHP did not provide a justifiable excuse. *See generally Kenmore MHP*, 21 Wn. App. 2d at 22-23.

Turning first to justifiable excuse, the City argues that substantial compliance requires a justifiable excuse, which it argues is tantamount to excusable neglect. We disagree. The excusable neglect standard under CR 60 applies to a party seeking relief from judgment. Here, we are concerned with service requirements under CR 4, which provides that a court may not allow irregularity in process or proof of service if it clearly

14

appears that the party to whom the process is issued experiences material prejudice. Cases considering substantial compliance with service requirements apply a prejudice analysis. *See Cont'l Sports*, 128 Wn.2d at 602-04.

This case is similar to *Continental Sports*. While MHP was not in actual compliance when it served the City after the date it filed with the Board, MHP nonetheless substantially complied with the requirements under the regulation because the City was in the same position it would have been had MHP complied with the order of service requirements. *See City of Seattle v. Pub. Emp't Rels. Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (noting that courts have found substantial compliance where there has been compliance with the statute, despite procedural imperfections). Even though MHP served the City through a different mechanism, the City nonetheless received notice of service and did not claim it was prejudiced.

The Board's interpretation of substantial compliance as articulated in this case is also inconsistent with legislative intent. RCW 1.12.010 states that "[t]he provisions of this code shall be liberally construed, and shall not be limited by any rule of strict construction." In its statement of intent, the legislature identified the importance of robust community discussion in a development of comprehensive land use planning. *See generally* RCW 36.70A.010. Further, RCW 36.70A.280 and RCW 36.70A.290 provide 60 days to file a petition for review following an adoption of a Board publication, and RCW 36.70A.290(3) requires the Board to set a time for hearing the appeal within 10 days of receiving the petition, "[u]nless the board dismisses the petition as frivolous or

finds that the person filing the petition lacks standing." The Board rarely grants a motion for summary judgment except when the petitioner fails to act by the statutory deadline. WAC 242-03-555(1). The legislature's clear intent is that a timely petition for review should be heard on its merits.

Finally, the prevailing policy in our state is "'that controversies be determined on the merits.'" *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979) (quoting *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 721, 349 P.2d 1073 (1960)); *see also In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980) ("'[S]ubstantial compliance' with procedural rules is sufficient, because 'delay and even the loss of lawsuits [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities[. . . .] [T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts.'" (second and fourth alterations in original) (quoting *Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767, 522 P.2d 822 (1974))). As the dissenting Board member, Cheryl Pflug, pointed out, "'Substantial compliance [is] actual compliance in respect to the substance essential to every reasonable objective of [a] statute.'" *Kenmore MHP v. City of Kenmore*, No. 19-3-0012, at 14 (Cent. Puget Sound Growth Mgmt. Hr'gs Bd. Aug. 29, 2019 (Ord. on City's Mot. for Summ. J.)) (second alteration in original) (quoting *Cont'l Sports*, 128 Wn.2d at 602). As Pflug asserts, the purpose of the WAC is to ensure the Board can decide the case within the required 180 days from filing. Here, MHP filed within the 60-day time limit.

No. 100934-8

Arbitrary and Capricious

This court may provide relief from an agency order in an adjudicative proceeding if the order is arbitrary or capricious. RCW 34.05.570(3)(i).

An "arbitrary and capricious agency action" is action that is willful and unreasoning and taken without regard to the attending facts or circumstances. *See Ctr. for Envt'l Law & Pol'y v. Dep't of Ecology*, 196 Wn.2d 17, 34-36, 468 P.3d 1064 (2020) (determining that the Department of Ecology did not act arbitrarily or capriciously when it promulgated a rule concerning summertime minimum flow rates because the administrative record established that the promulgation was *not* unreasoning when the department included multiple fish habitat studies, recreational considerations, and responses by the department that explained that the rule provided for fish habitat and other values)); *see also Belling v. Emp't Sec. Dep't*, 191 Wn.2d 925, 936, 427 P.3d 611 (2018) (denying claimant's request for attorney fees upon determining that the Employment Security Department's decision was not "willful, unreasoning, and in disregard of facts and circumstances" (quoting *Lenca v. Emp't Sec. Dep't*, 148 Wn. App. 565, 575, 200 P.3d 281 (2009)).

We hold that the Board order of dismissal is unreasoning, and thus arbitrary and capricious, because it failed to correctly apply the test adopted in *Your Snoqualmie Valley* on which it purported to rely.

17

No. 100934-8

Under the APA, a court may "order an agency to take action required by law, order an agency to exercise discretion required by law, set aside agency action, enjoin or stay the agency action, remand the matter for further proceedings, or enter a declaratory judgment order." RCW 34.05.574(1)(b). We hold that the Board's decision must be set aside because the Board's order dismissing MHP's petition for review was arbitrary and capricious when it incorrectly relied on *Your Snoqualmie Valley* and failed to consider prejudice as a factor in determining whether MHP substantially complied with the service requirements.

CONCLUSION

A showing of prejudice, as described in *Borzeka* and *Continental Sports*, is the test adopted in *Your Snoqualmie Valley* to determine substantial compliance under WAC 242-03-230(2)(a). Board decisions prior to and after *Your Snoqualmie Valley* included prejudice as the key factor when considering dismissal of a petition for review for procedural error. MHP substantially complied with the statutory requirements under RCW 36.70A.290(2) when it electronically filed its petition for review and provided notice of service to all required parties within the statutory 60-day statute of limitations. Thus, the Court of Appeals erred when it affirmed the Board's dismissal based on the Board's interpretation of substantial compliance. We reverse the Court of Appeals.

No. 100934-8

_____
Madsen, J.

WE CONCUR:

_____
González, C.J.

_____
Johnson, J.

_____
Owens, J.

_____
Stephens, J.

_____
Gordon McCloud, J.

_____
Yu, J.

_____
Montoya-Lewis, J.

_____
Whitener, J.

19